No. 107.—WILLIAM HENING, plaintiff in error, *vs.* ALISON NELSON *et al.* defendants.   S. & L. MOWRY, plaintiffs in error, *vs.* ALISON NELSON *et al.* defendants.

[1.] A debtor being arrested under a *ca. sa.* gave bond for his appearance at Court to take the benefit of the "Act for the relief of honest debtors." Afterwards, he surrendered to the Sheriff sufficient property to pay the debt, and gave bond that it was subject, &c. (complying with the Statute of 1811): *Held*, that he had the right so to avail himself of the Act of 1811.

*Ca. sa.* in Fulton Superior Court. Decision by Judge BULL, April Term, 1856.

These cases were consolidated. Alison Nelson was arrested under two *ca. sas.* in favor of plaintiffs in error, issued from Fulton Superior Court, and gave bond, with H. Muhlenbrink for security, for his appearance at the April Term, 1856, of said Court, to avail himself of the benefit of the "Honest Debtor's Act." At the term of the Court to which the *ca. sas.* were returnable, Counsel for plaintiffs and defendant referred the question to his Honor Judge BULL, off the bench, as to whether the defendant in *ca. sa.* after giving bond for his appearance, could, at that term of the Court, discharge himself from the *ca. sa.* by delivering to the Sheriff property sufficient to pay the debt and costs, and giving bond and security that the property was subject, as required by the Statute, Judge BULL gave the opinion that he could. Afterwards, Counsel for defendants, in open Court, moved the Court to pass the following order:

"The defendant, A. Nelson, having delivered to T. J. Perkinson, Sh'ff of said county, property, in the opinion of said Perkinson, sufficient to discharge the said debt and all costs, and having given bond and security in terms of the law, that such property is subject to the discharge of said debts: *Ordered*, by the Court, that the said Nelson be discharged from custody under said *ca. sas.* upon payment of costs there-

on, and that H. Muhlenbrink, his security on the bond, be.. released and discharged from all liability on said bonds."

Counsel for plaintiff objected to the order. The Court:. over-ruled the objection and passed the order, and Counsel., for plaintiffs excepted.

HAYGOOD & WHITAKER, for Hening.

GARTRELL & GLENN, for Nelson.

*By the Court.*—BENNING, J. delivering the opinion..

[1.] The Act of 1811, "to amend the thirty-first section of the Judiciary Act of 1799" contains this passage : "And when an execution against the body of any defendant shall have been served, the party on whom the same shall have been served, shall be released, *provided* he, she or they shall deliver to the officer serving the same, the property which shall, in the opinion of such officer, be sufficient to discharge the debt and all costs, and give sufficient security to the said officer that the property so delivered is *bona fide* the property of the defendant or defendants, and subject to the discharge of the said debt." (*Cobb's Dig.* 510.)

The Counsel for the plaintiff in error seemed to consider that the word "when" in this passage has the effect to restrict the exercise of the right given to the very point of time at which the arrest takes place. But we do not think so. The word is frequently used in the sense of *if* or *whenever ;* and it is so used, we think, in this passage.

And therefore we think, that if this Act is to govern, it was the right of the defendant arrested to avail himself of the benefit of the Act at any time after the arrest.

And this Act is not at all repealed by the "Act for the relief of honest debtors."

How, then, can it be insisted, that giving a bond under that Act precludes the party giving it from his rights under

the other Act? It is true that the bond given under that Act is conditioned for the appearance of the principal in it at Court, to abide by such proceedings as may be had by the Court in relation to his taking the benefit of the Act. But this condition does not chain him down to that single mode of getting rid of the *ca. sa.* to the exclusion of every other mode. May he not still get rid of the *ca. sa.* by paying the debt—by settling the case—by accepting a release—by showing the *ca. sa.* void, &c.? Most certainly. So he may still get rid of the *ca. sa.* by availing himself of the mode provided for relief from arrests, by the Act aforesaid of 1811.

We ought not to forget the words of the Constitution when we go to interpret the laws in relation to imprisonment for debt. "The person of a debtor, when there is not strong presumption of fraud, shall not be detained in prison after delivering, *bona fide*, all his real and personal for the use of his creditors, in such manner as shall hereafter be regulated by law."

The judgment is affirmed.