## EQUITY LIFE ASSOCIATION *v.* GAMMON.

119  271
121  564

1. The venue of suits against foreign insurance companies maintaining an agency in this State is fixed by the Civil Code, § 2145, in the county where such agency is located, or where the agency was located at the time the contract was made or the cause of action accrued.

2. Where the contract was made in this State, but the company maintained no agency here, the suit may be brought in any county where the company may be found.

3. A foreign insurance company which fails to maintain an agency does not, by appointing, or having the commissioner of insurance to appoint, an agent upon whom service may be perfected under the Civil Code, § 2057, acquire a fixed residence in the county of such agent's residence.

4. Where the contract was made in Carroll county, and a suit was there brought, and the agent who resided in Floyd county acknowledged service, the court of Carroll county had jurisdiction to try the cause.

5. Where a foreign insurance company maintained no place of doing business, but appointed an agent under the Civil Code, § 2057, and such agent absented himself from the State, the insurance commissioner could appoint a successor with authority to acknowledge and receive service of process in behalf of such company, in all proceedings that might be instituted against it, on contracts here made, in any court in this State.

6. The power of the commissioner to appoint successors to the agent originally named, and the authority of the latter to acknowledge and receive service, continues so long as there is any necessity to sue the company for breach of contracts made in this State.

7. A judgment overruling a demurrer having been reversed by the Supreme Court, the losing party gave notice to the trial judge of an intention to present an amendment to the petition.    When the remittitur was presented, the court refused to make it the judgment of the lower court before a day named, stating that he had granted the losing party until that time within which to prepare and present the proposed amendment.    It is not made to appear wherein the prevailing party was damaged, and this court will not interfere with the discretion of the trial judge in such matters.

Argued November 21, — Decided December 14, 1903.

Action on insurance policy.    Before Judge Hodnett.    City court of Carrollton.    January 10, 1903.

Mrs. Gammon sued the Equity Life Association, in Carroll

county, on a policy issued in that county on the life of her husband, alleging that the defendant was a foreign corporation and had been doing business in this State as such, "but now has no public place for doing business in this State, and has no person in office in this State upon whom service of process can be perfected;" that it "has not appointed and authorized any person resident in this State to acknowledge or receive service of process and upon whom process may be served for and in behalf of said company;" and that the insurance commissioner of this State had appointed John C. Printup, of Floyd county, as attorney for service of the company.    The Supreme Court held that the insurance commissioner had no authority to make this appointment, and that the petition failed to show that the court in which the suit was instituted had jurisdiction over the defendant.    (118 *Ga.* 236.)    On June 16, 1903, the remittitur was filed by the clerk of the city court, and on August 4, during the June term of the court, counsel for the defendant presented to the court for its signature an order making the judgment of the Supreme Court the judgment of the city court; but the judge refused to sign the order, and said that the plaintiff's counsel had notified him that he desired to file an amendment to the petition before the remittitur should be made the judgment of the city court, and he had informed the plaintiff's counsel that he would have until the 10th inst., to make the amendment. To the refusal to sign this order the defendant excepted.    Counsel for the plaintiff, within the time fixed by the court, filed an amendment striking from the petition the allegations quoted above, and alleging, that the "said corporation is a life-insurance company and transacted business in this State as such, but had no agency in this State, or public place for transacting its business therein, and now has no officer in this State upon whom service of process can be perfected;" that "said corporation, when it first sought to transact business in this State in 1890, filed with the insurance commissioner of this State a written instrument of power of attorney, duly signed and sealed, appointing and authorizing B. E. Proctor, a resident of this State, at Savannah in the county of Chatham, to acknowledge and receive service of process, and upon whom process might be served for and in behalf of said company in all proceedings that might be instituted against it in any court of this State, . . and consenting that service of process upon

said Proctor should be taken and held to be. as valid as if served upon said company, and that the authority of said Proctor should continue until revocation of his appointment was made by said company by filing a similar instrument with said insurance commissioner, whereby another person should be appointed as such attorney; " " that subsequent to his appointment as aforesaid the said Proctor absented himself from this State; whereupon said insurance commissioner immediately appointed John C. Printup, a resident of this State, at Rome, in the county of Floyd, an attorney for service for said company, of which appointment a notice in writing was immediately given by said insurance commissioner to said John C. Printup, and also was sent to said company by mail, which last appointment was made prior to the filing of this suit and was then, and at the time of the service of this suit upon the said Printup as such attorney for said company, of full force and effect." It appears from the record that process issued on October 22, 1902, and that on October 24, 1902, Printup acknowledged service and waived copy, as " Att'y for service, appointed by Insurance Commissioner of Ga.". To the petition as amended the defendant demurred on the grounds, that it does not set out any facts authorizing any court of Carroll county to take jurisdiction, for that it sets out that the only agent of the defendant upon whom service can be perfected is a resident of Floyd county; and that the papers show on their face that Printup, in violation of the authority vested in him, acknowledged service. The demurrer was overruled, and the defendant excepted.

*Sidney Holderness*, for plaintiff in error.

*R. D. Jackson, S. E. Grow*, and *Brown & Roop*, for defendant.

LAMAR, J. When the case was here before, it was decided that service upon Printup was not service upon the company; that if the company did not in the first instance designate an agent under the Civil Code, § 2057, it was a misdemeanor for its agents to transact business in Georgia; that the statute nowhere authorized the commissioner of insurance in the first instance to appoint an agent to receive service, although he had the power to name a successor to one already legally appointed, whenever the latter absented himself from the State. The amendment cures the defect; the allegation being that the company, when it first began to do business, had designated Proctor to receive service, that Proctor

had absented himself from the State, and that in conformity with the statute Printup had been duly appointed as his successor.    It does not appear whether the appointment by the commissioner was made before or after the company's withdrawal from the State, nor when it ceased to do business in Georgia.    Nor are these things material, even under Cady *v.* Associated Colonies, 119 Fed. Rep. 420 (5), Friedman *v.* Empire Life Ins. Co., 101 Fed. Rep. 535, and other decisions holding that the company must be doing business in the State, as a condition precedent to authorize the power of appointment by the commissioner, or to make valid the service on the agent.    While there is no allegation on the subject, the company is presumably collecting or receiving premiums on its outstanding Georgia policies.    At any rate, it has business of a most important character in carrying out the contracts made, and in defending suits here instituted for the alleged breach thereof; and the power of appointment in the commissioner, and the authority of the agent thereunder, continue as long as there is any necessity to perfect service in suits for the violation of contracts made in this State.    Civil Code, § 2058; Mutual Assn. *v.* Phelps (U. S.), 23 Supreme Ct. Rep. 707; Mutual Life Ins. Co. *v.* Spratley, 172 U. S. 603.    There was no special demurrer on this point, the only issue being whether the agent had exceeded his authority in making an acknowledgment, and whether the suit should proceed in Carroll or Floyd county.    While it is alleged that the contract was made in Carroll, it appears that the company now maintains no agency in this State.    But it does not follow that because there is no agency there can be no suit.    So to hold would be to enable the company to take advantage of its own wrong.    The statute was never intended to authorize a foreign corporation to make contracts, and then, by discontinuing business, to escape liability to suit here on such contracts.    It was permitted to solicit business on condition that it would appoint some agent upon whom service could be made, and upon the further condition that if that agent absented himself the insurance commissioner could designate some one as his successor.

The contract having been made here, and the company being suable in this State, the only question to be determined is where that suit shall be brought.    There being no agency, and therefore no venue fixed under the Civil Code, § 2145, the company is to

be treated as a non-resident and suable here wherever it can be found. Compare Civil Code, § 4954; *National Bank* v. *Southern Co.*, 55 *Ga.* 39; *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 660; *E. T., V. & Ga. R. Co.* v. *Williams*, 90 *Ga.* 520. It is found wherever service can be perfected on its authorized attorney, and this is wholly independent of such attorney's residence. The statute declares that the agent may acknowledge service of process in behalf of such company in all proceedings that may be instituted against such company "in any court in this State" — not in any court of the county in which he resides. When Printup acknowledged service of a suit in Carroll county, there is enough on the record to show that the company was found in that county. In *Stone* v. *Travelers Ins. Co.*, 78 *Mo.* 655, under a statute with provisions practically identical with those contained in the Civil Code, §§ 2058, 2059, a suit was brought against a non-resident company in Linn county. The writ of summons was directed to the sheriff of St. Louis (which by a statute is placed upon the same footing as a county) and there served upon the agent designated by the statute. It was ruled that "Suits against foreign insurance companies are not required to be brought in the county in which the agent appointed . . to receive service of process resides. They may be brought in any county in the State; and if the agent lives in another county, the writ is to be directed to the sheriff of the latter county." Hough, C. J., said: "The sheriff of Linn county has no general power to serve process beyond the limits of his county, and there is no special provision in cases like the present, authorizing the sheriff to serve process in any other county. As the section quoted authorizes process issued by any court in the State to be served upon the agent or attorney of the foreign insurance company appointed to receive service, such agent may, of course, be served wherever found in this State." Compare Civil Code, § 4989; *Mitchell* v. *S. W. R. R.*, 75 *Ga.* 404. The case of *N. Y. &c. R. R.* v. *Estill*, 147 *U. S.* 591, is much in point; for suit was brought against a foreign corporation in Saline county, and process served upon an agent in St. Louis, by the sheriff of St. Louis. It was held that the service was good, "and that the defendant was within the provisions of the Missouri statute which made non-residents suable in any county of the State," the ruling in the Stone case being cited and followed. So in *People* v. *Justices*,

11 N. Y. Supp. 773, it appeared that a foreign corporation was liable to suit in the State of New York. Action was brought against it in the city court of New York, and service made upon the superintendent of insurance, who had an office in Albany. The court said (Daly, J.): "Ordinarily, a summons in an action in the city court of New York can not be served without the city of New York, but an exception was evidently intended by the legislature in the case of actions against foreign insurance corporations; for the city court is given jurisdiction of such actions, and the legislature has provided that process against such corporations may be served upon the superintendent of insurance. This officer has his office in Albany, and there the process must be served upon him. We must conclude, therefore, the legislature intended city court process to be served upon him there." And in Boyer *v.* Northern Pacific Ry. Co. (Idaho), 66 Pac. Rep. 826, it was held that a foreign corporation does not acquire a fixed residence in the State by designating an agent upon whom process may be served under the provisions of section 2635 of the revised statutes of that State, which requires the company to designate such agent.

In the multiplication of corporations, and the increase of their business beyond the limits of the parent State, conditions arose which demanded a modification of the old rulings that as they could not migrate, neither could they be sued, except where incorporated. It was a mere fiction that they could not migrate; for in fact they did business, entered into contracts, made profits, maintained agencies, and had agents in foreign States. They were there present in the person of the agent; and if there for the purpose of doing business, they were also there present in his person for the purpose of being sued. In going into the foreign State for the purpose of doing business it at the same time submitted itself to the jurisdiction of its courts in suits arising out of contracts made in the course of such business. There is, then, no question of jurisdiction, but only one of venue and service, to be determined by the laws of the State applicable to those subjects. They can be sued in the counties in which they maintain agencies; or if none, then in any county where they may be found in the person of the agent. Civil Code, §§ 4954, 1899. If a foreign insurance company maintains an agency, the Civil Code, § 2145, requires that suit be brought in the county in which such agency is

located; but where there is no agency, it sets the matter at large, and the courts of any county in which the company may be found, or in which service may be lawfully perfected, have the power to determine the liability of the company on the contracts here made. If the case is not to be governed by section 2145, it falls under the broad provisions of section 2057, requiring the company in the first instance to appoint, and authorizing the commissioner in the second instance to name a successor "to acknowledge or receive service of process, and upon whom process may be served, for and in behalf of such company, in all proceedings against such company in any court of this State, or any court of the United States in this State, and consenting that service of process upon any agent or attorney appointed under the provisions of this section shall be taken and held to be as valid as if served upon the company." Section 2058, in providing for the appointment of a successor, declares that the appointment "shall be as valid as if made by the company," and that " service of process as aforesaid, issued by any such courts as aforesaid upon any such attorney appointed by the company or by the insurance commissioner, shall be valid and binding, and be deemed personal service upon such company so long as it shall have any obligations or liabilities outstanding in this State, although such company may have withdrawn, been excluded from, or ceased to do business in this State."

Ordinarily no notice need be given the opposite party upon taking an order making a remittitur from this court the judgment of the lower court. Civil Code, §§ 5597, 5598. But where the judge, before the presentation of the order, is notified of an intention by the losing party to offer an amendment, the prevailing party is entitled to be heard on the question as to whether it shall be allowed. The time when this shall be determined is in the discretion of the presiding judge; and unless some legal damage results from the delay, or there is some abuse of discretion, this court will not interfere. There may be cases in which the trial judge ought to make the remittitur the judgment of the lower court without delay, or with little delay. Where plaintiffs in error have been restrained of their liberty, and as a result of the reversal are entitled to a discharge; or where property has been placed in the hands of a receiver, or injunctions have been granted; or it has been decided that the court below erred in refusing to

appoint a receiver or grant an injunction, the remittitur should be promptly made the judgment of the lower court. Civil Code, §§ 5597, 5598. The present case presented no such facts calling for immediate action.

<div align="center">

*Judgment affirmed.  All the Justices concur.*