BARTLETT *et al.* v. TAYLOR *et al.,* receivers.

ATKINSON, J. 1. When this case was before the Supreme Court on a former occasion (*Turpin* v. *Taylor,* 143 *Ga.* 224, 84 S. E. 547), it was held: "Under the facts of this case the court did not err in refusing to dismiss the case, and in allowing the plaintiffs to amend the process making it returnable to the next succeeding term of court after that to which it was actually made returnable. But the court should have gone a step further in the order, and provided for service anew of the suit, with the amended process attached. As the complaining parties were not properly before the court when the rulings upon the demurrers were made, such rulings were entirely nugatory, and the assignments of error upon them in the main bill and cross-bill of exceptions will not be considered here; but when the defendants have been properly brought before the court under service of the suit and amended process, in accordance with direction given by this court, the demurrers can be resubmitted for decision in the court below." Among other things it was stated in the opinion, arguendo, that the motion to dismiss was general, and, as other defendants had appeared and answered, it would not be proper to dismiss the entire petition for want of process and service, upon the motion of the complaining defendants. *Held,* that it was not intended thereby to hold that if the motion to dismiss had been restricted to dismissal of those defendants making the motion, it would be meritorious; nor was any intimation on this question intended either way. The ruling was that, under the Civil Code, §§ 5569, 5572, cited in the opinion, the motion to dismiss the petition on the grounds taken was without merit.

(*a*) After the return of the remittitur and before a judgment thereon

making the judgment of the Supreme Court the judgment of the trial court, there was no error in disallowing an amendment to the original motion to dismiss, which in effect struck the prayer that the entire original petition be dismissed, and added a prayer that the petition be dismissed only in so far as it affected the movants.

2. There was no abuse of discretion in refusing the motions of the movants to tax costs incurred in the trial court before entering judgment on the remittitur from the Supreme Court, and in reserving questions presented by such motions for future decision. Civil Code, §§ 6216, 6095, 5423.

(*a*) The omission to take a formal judgment making the judgment of the Supreme Court the judgment of the trial court upon the return of the remittitur, or at the term next ensuing, was not fatal to the case, and did not deprive the court of jurisdiction; nor did it deprive the plaintiffs of the right of amending the petition and process in accordance with the direction of the Supreme Court. See *Hubbard* v. *McCrae*, 103 *Ga.* 680 (30 S. E. 628); *Knox* v. *State*, 113 *Ga.* 929 (39 S. E. 330); *Goldsmith* v. *Georgia R. Co.*, 62 *Ga.* 542, 544.

3. Carrying out the directions by this court, the trial judge properly allowed an amendment to the original petition and process, making the case returnable to the next ensuing term of the court after the remittitur was made the judgment of the trial court, and directing service thereof to be made upon the plaintiff in error.

4. At the time the plaintiff proposed to amend the original petition and process, making the case returnable to another term as directed by the Supreme Court, the plaintiffs in error filed written objections to the allowance of such amendment. The paper recited that it was a special appearance for the purpose of objecting to the allowance of the amendment, without submitting themselves to the jurisdiction of the court. The language of the order of January 11, 1912, passing on this paper, though somewhat confused, is to be construed as reserving for future decision the question of demurrer raised in the paper on the merits of the plaintiffs' case. Upon the further trial of the case direction is given that the judge pass upon the merits of the issues made by the motion to dismiss in the nature of a demurrer to the petition, the rulings in the case to be made independently of any practice questions which have already been decided by this court.

*Judgment affirmed, with direction. All the Justices concur, except Evans, P. J., disqualified.*

JUNE 14, 1917.

Complaint. Before Judge Mathews. Bibb superior court. February 2, 1916.

In 1907 Schofield and others, directors of the Exchange Bank of Macon, filed in the superior court of Bibb county a suit in which they made the bank and certain stockholders defendants; and prayed for a receiver to be appointed for the bank, which they as directors found themselves no longer able to operate. Receivers

were duly appointed, who subsequently made application to the court for leave to bring a suit against the stockholders upon their charter liability; and leave being granted, they filed suit in Bibb superior court against a large number of stockholders. Besides directing the suit to be filed, the court ordered that notice be sent to all of the proposed defendants, and that such defendants as might wish to settle at a stipulated amount be allowed to do so. It was further provided in the order, that the suit should remain on file for a stated period, subject to instruction; that any person interested might file objections in writing within a certain time, and, upon objections being filed, a hearing should take place, and, if no objections, the receivers be authorized to accept a stated amount per share on stock held by the several stockholders, in settlement of their respective liabilities; and that as to stockholders who did not settle within a specified time, the suit should proceed. The plaintiffs in error in this case and other stockholders filed objections to the order allowing the settlement, and did not avail themselves of the opportunity to settle. Accordingly, on November 21, 1912, process issued on the suit which had been filed by the receivers on August 26, 1912, returnable to the November term, which was less than fifteen days before the commencement of that term. At the November term the plaintiffs in error made their motion in writing to dismiss the suit, upon the grounds, that no legal process had ever been issued in the case; that no legal service of process had been made upon the defendants; that said alleged process had been issued less than fifteen days before the term to which it had been made returnable; and that said lack of legal service was directly due to the interference of plaintiffs' counsel and their express instructions to the clerk of the court and the sheriff of the county. At the hearing the court overruled the motion to dismiss, and allowed the plaintiffs to amend the process by making it returnable to the next term (February term, 1913). To this order the plaintiffs in error excepted pendente lite. When the case came on for hearing during the April term, 1913, the plaintiffs in error urged the demurrers, general and special, which they had filed. After the hearing the court overruled the general demurrer and certain grounds of special demurrer, and sustained other special grounds. Exceptions to these rulings were taken by bill and cross-bill of exceptions. The judgment entered by this court on the

main bill of exceptions was: "that the judgment of the court be-
low be affirmed, with direction that, at the term of the court be-
low at which the remittitur of this court shall be made the judg-
ment of that court, process be amended returnable to the next suc-
ceeding term of court, and that service be made anew upon the
plaintiffs in error." The judgment on the cross-bill was: "that
the writ of error be dismissed, the judgment on the main bill hav-
ing been affirmed with direction." The remittiturs were duly
transmitted to the trial court, and filed on March 21, 1915. On
January 6, 1916, before the remittitur from the Supreme Court
was made the judgment of the superior court, the plaintiffs in er-
ror filed in the superior court an amendment to their original mo-
tion to dismiss; the amendment in effect striking the prayer that
the suit be dismissed as to all of the defendants who had been made
such in the stockholders' suit, and praying for a dismissal only as
to the movants. The motion last mentioned contained another
paragraph alleging in effect that a large amount of cost had ac-
crued in the suit which had been passed upon by the Supreme
Court and ruled to be defective, and that the defect was attributa-
ble to the plaintiffs' disregard of the statute as to the filing of the
petition and issuance of process, and the plaintiffs' interference
with the officers of the court; and thereupon prayed that the cost
be not taxed against the movants or against the funds in the hands
of the receivers, but that it be taxed against the receivers indi-
vidually. The amendment was allowed, subject to demurrer. On
the same day the judge passed an order making the judgment of
the Supreme Court the judgment of the trial court; the order ex-
pressly refusing to tax the cost, but the court reserving the right
"to hereafter tax the same or any part thereof upon the motions
already made or to be made." Thereafter the plaintiffs filed an
amendment to their original petition, striking the names of certain
defendants and adding others, and otherwise materially amending
the petition. The amendment also alleged the review of the case
by the Supreme Court and the judgment therein as recited above,
and the judgment of the superior court making the judgment of
the Supreme Court the judgment of the trial court; and prayed,
in accordance with the ruling of the Supreme Court, that process
be amended returnable to the next succeeding term of the trial
court, and that service of the petition with all amendments be

made anew upon each of the defendants. This amendment was offered on January 7, 1916; and on the same day the plaintiffs in error filed a "special appearance solely for the purpose of objecting and demurring to the amendment this day tendered by plaintiffs," and for cause of demurrer charged: "That the court was without jurisdiction of the subject-matter in the suit of A. D. Schofield et al. *v*. The Exchange Bank of Macon, in which plaintiffs alone were appointed receivers and on their application authorized as such to sue these defendants in this action, and that said suit and said appointment, authorization, and this action are null and void, in that no power exists in a court of equity in this State to take charge of, appoint receivers for, and wind up the affairs of a solvent corporation on the petition of its board of directors. Each and all of these objectors aver that neither each nor all of them have ever been served with either copy petition or process either in the original case in which the court took jurisdiction and appointed receivers, or in the suit against the stockholders, including these objectors. Objectors say that the court was without jurisdiction of the subject-matter on the face of said petition, and that all proceedings had thereunder are therefore null and of no effect. Wherefore objectors say that there is here no valid suit to amend by, no cause of action against them, and that said amendment thereof now tendered should be disallowed and said suit dismissed." On January 11, 1916, the judge passed a formal order allowing the original petition and process to be amended, and ordering the defendants to be served anew, as directed by the Supreme Court. On the same day he passed a separate order on the "special appearance" just quoted from, as follows: "After consideration, it is ordered that the objections are overruled upon the following grounds: (1) It does not satisfactorily appear that this court is without jurisdiction to entertain the present suit, or that the court was without jurisdiction to consider and pass upon the case made of A. D. Schofield et al. *v*. Exchange Bank, in which receivers were appointed for the Exchange Bank of Macon. This ruling applies only to these objections, and is without prejudice to the right of the objectors to raise the same questions when they are made parties and served. (2) The objectors can set up all these matters after being served and made parties. (3) That suit having progressed thus far, it will be more

economical of time and conduce to early adjustment of the matters involved to let the suit proceed as prayed in the amendment, rather than hold the suit again upon preliminary questions, which involve no right of the objectors that they can not fully protect as regularly served parties to the cause. (4) The mandate of the Supreme Court to the petitioners to proceed to serve the suit and amend process, first procuring the amendment in this court, is obligatory upon this court, as to the grant of the amendment." The defendants were served with the petition and process as amended, on January 17, and on February 2, 1916, the judge passed another order, as follows: "Upon demurrer, after argument, it is held that while the Supreme Court seems to have held that the original motion now sought to be amended was a general motion to dismiss the entire suit, that court directed that the original suit proceed after amending the process making it returnable to the next term after the term of this court at which the judgment of the Supreme Court should be made the judgment of this court, and practically directing this court to so amend the process; that it appears that the direction of the Supreme Court has been fully followed, and that therefore the amendment now proposed would be nugatory; that this court is bound by the specific direction of the Supreme Court in this case; that for the above reasons, and because the action of this court in following the directions of the Supreme Court practically amounts to a bringing again of the same suit against the movants, giving them all the rights the deprivation of which was the ground of the original motion, the motion to amend the original motion is on demurrer dismissed. The prayer of the movants that costs be now taxed against the receivers, at this time, is denied, because there are no facts now shown to the court upon which the court would be authorized to proceed in reference thereto." The movants excepted and assigned error upon the several rulings above mentioned.

*Bartlett & Hall, DuPont Guerry, Hall & Roberts,* and *Nottingham & Nottingham,* for plaintiffs in error.

*Miller & Jones* and *Hardeman, Jones, Park & Johnston,* contra.