28820. GEORGIA POWER COMPANY *v.* THOMPSON.

Decided July 16, 1941. Rehearing denied July 25, 1941.

*MacDougald, Troutman & Arkwright, Dudley Cook,* for plaintiff in error. *Robert B. Blackburn, Arnold, Gambrell & Arnold,* contra.

GARDNER, J. Unquestionably the Court of Appeals had authority to confer the right of amendment. It is likewise unquestioned that the judge of the superior court had authority to issue the order of March 7, directing that the Georgia Power Company give notice to Thompson or his attorney of the time when and place where the remittitur would be made the judgment of the trial court. *Equity Life Association* v. *Gammon,* 119 *Ga.* 271 (7), 277 (46 S. E. 100).

It must be conceded that under the record no notice was given as thus directed. It is agreed that lack of such notice was not due to fraud, but all parties concede (the presumption) that, as was the customary practice, the clerk of the court passed the remittitur to

a judge of the superior court of Fulton County who had not signed the order with reference to notice being given the opposite party and who, it was probable, had no knowledge thereof. It is further to be concluded from the record that counsel for Thompson and Thompson himself had no knowledge that a judgment on the remittitur had been taken until after the adjournment of the term of court in session at the time of the judgment on the remittitur. The record shows that it was "long after" the adjournment of such term. The record is silent as to whether this was discovered by counsel or Thompson months or years afterward.

Be this as it may, the Supreme Court, in *McRae* v. *Sears,* 183 *Ga.* 133 (187 S. E. 664), when it had under consideration a similar order of the Court of Appeals, held: "The judgment of affirmance rendered by the Court of Appeals, although a final judgment, was not finally operative, and was only to become so on failure of the petitioner to amend within the time required; otherwise, upon compliance with the direction of the court, the case was pending subject to demurrer as in other cases. The condition or direction was as much a part of the judgment as the ruling affirming the judgment sustaining the demurrer; and when the remittitur was made the judgment of the trial court, that judgment had the same condition or direction attached thereto. The word 'when' as used by the Court of Appeals in directing the allowance of the amendment 'when the remittitur' from that court was made the judgment of the trial court, we think, was used in its relative sense, and means just at or after the time, or immediately after. 68 C. J. 244 et seq.; *Hening* v. *Nelson,* 20 *Ga.* 583, 584." It will be noted that the Supreme Court held that the judgment of affirmance from the Court of Appeals was a final judgment but not operative, and was only to become so on failure of the petitioner to amend within the time required "just at, or after the time, or immediately after;" but the record does not reveal any order of the court allowing or refusing the amendment at any time. In *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775, 777 (115 S. E. 648), the court held: "Where the Court of Appeals reversed the judgment of the city court of Nashville overruling the demurrer to the petition of the plaintiff, it was not too late for the latter, before the remittitur was acted upon and the judgment of the Court of Appeals was made the judgment of the lower court, to amend his petition, so as to

meet the grounds of demurrer." In this case the trial judge had an understanding with counsel that he would be heard before the judgment was taken on the remittitur. The opposing counsel was a party to this arrangement. Notwithstanding this situation the judgment was taken on the remittitur. We see little, if any, difference in effect in this parol agreement and the written, ex parte order of the court directing notice to be given as in the instant case; the order of the court was not a final judgment in any sense in the main case. They were both merely discretionary and directory, and could not, as we see it, affect the validity of the judgment on the remittitur, which judgment was not void but valid although rendered innocently and by mistake. In the *Berrien County Bank* case, supra, the Supreme Court, after stating that the plaintiff had the right to amend, further stated: "This right to amend was cut off when the city court acted upon the remittitur from the Court of Appeals, and made the judgment of the Court of Appeals its judgment; and the plaintiff was precluded by this latter judgment from amending his petition, as that judgment of the lower court put an end to the case, so long as it stood unrevoked." We think that so long as the judgment on the remittitur in the instant case stands unrevoked Thompson can not file his amendment. The case is out; there is nothing to amend. Before the amendment can be allowed this judgment must be revoked. As to whether Thompson is barred by laches from having it revoked, under all the facts of this case, is not before us for decision. But unquestionably the judgment could have been revoked during the term of court at which it was entered, and perhaps under proper showing in equity within a reasonable time after its discovery.

We feel that this is a correct view of the case, and that counsel for Thompson entertained this view at the time he obtained the order of notice, else such order would have been in vain. But counsel contends that their petition of March 7, 1927, and the order thereon, were a substantial compliance with the decision of the Court of Appeals, and that the amendment must be allowed by the court. But the appellate courts seem to hold otherwise to the effect that the amendment must be allowed by the court. *Chattanooga Boiler & Tank Co.* v. *Robinson*, 14 *Ga. App.* 73 (80 S. E. 299); *Lancaster* v. *Ralston*, 58 *Ga. App.* 404 (198 S. E. 839); *Johnson* v. *Vassar*, 143 *Ga.* 702 (85 S. E. 833); *Goldberg* v. *Berger*, 52 *Ga.*

*App.* 41 (182 S. E. 71). As to the case having been put on the calendar and depositions taken without protest from the Georgia Power Company, we can not see how this could have affected the judgment on the remittitur. Such might be competent evidence on petition to revoke.

In conclusion, the trial court sustained a general demurrer to the petition and unconditionally dismissed it. The Court of Appeals affirmed the judgment with direction that the plaintiff was given permission to amend his petition, by alleging dependency, at the time the judgment of the Court of Appeals was made the judgment of the trial court. When the judgment was entered on the remittitur by the trial court, without any amendment being made or offered by the plaintiff, the case stood dismissed by affirmance of the previous unconditional order of the trial court dismissing the petition on general demurrer. No other order was necessary, as the case had already been unconditionally dismissed. The Court of Appeals had only directed that the plaintiff be given permission to amend at a stated time, and on his failure to do so he was precluded by the judgment on the remittitur affirming the dismissal of the case by the trial court.

The question here presented is exactly the same as if the judge had sustained the demurrer and dismissed the petition with leave to the plaintiff to amend by a stated time. Such a judgment is a dismissal of the case in præsenti, and no other order is necessary when the plaintiff fails to amend by the time stated. The present case is not analogous to a situation where the judge sustains a demurrer with leave to the plaintiff to amend by a certain time or the case will be dismissed. When such an order as last mentioned is passed, and the plaintiff fails to amend by the time specified, the case does not stand dismissed until another order is taken dismissing it.

*Judgment reversed. Sutton, J., concurs. Broyles, C. J., disqualified.*

MacIntyre, J., dissenting. A general demurrer was sustained to the petition and the case dismissed by the superior court, but this court, in affirming the judgment, granted the plaintiff leave to amend, as stated in *Thompson* v. *Ga. Ry. & Power Co.,* supra. It was therefore not an unconditional affirmance of the judgment below which would take the case entirely out of court, but the leave

to amend left it in such condition that the amendment could still be made. *Central Railroad & Banking Co.* v. *Paterson,* 87 *Ga.* 646, 647 (13 S. E. 525). After a general demurrer to a petition has been sustained and the case dismissed by the superior court, and that judgment is affirmed unconditionally in this court, the plaintiff's whole case is entirely out of court, and there is nothing to amend by and the case can not be amended in the lower court. *Central R. &c. Co.* v. *Paterson,* supra. The two courts have concurred unconditionally on the completed case in exactly or identically the same decision and judgment, to wit, that the case is dismissed.

If a general demurrer is sustained in the lower court, the case dismissed by the lower court, and the judgment is reversed by the higher court, this in effect reinvests the lower court with jurisdiction, the existence of which had been suspended when the case was brought to the higher court. "A complainant may amend his bill after [an unconditional] decision of the Supreme Court sustaining a [general] demurrer to it, and before the remittitur is entered upon the minutes of the superior court." *Thurmond* v. *Clark,* 47 *Ga.* 500. But if the unconditional decision of the higher court "sustaining the demurrer" to the petition is made the decision and judgment of the lower court, then and not until then have the trial court and the higher court concurred unconditionally on the completed case in exactly or identically the same decision and judgment, to wit, that the demurrer be sustained and the case dismissed, which is necessary under such a state of the record in order to carry the case entirely out of court. *Savannah Ry. Co.* v. *Chaney,* 102 *Ga.* 814, 816 (30 S. E. 437). But where a general demurrer was sustained in the lower court and the judgment was affirmed in this court on condition and direction that the plaintiff have leave to amend, as above stated in the majority opinion, and the lower court made the judgment of the higher court its judgment, by the usual general formal order, the plaintiff's whole case was never entirely out of court, for the direction of this court to permit the tendering of an amendment when the remittitur was filed in the lower court was reinvesting the lower court with jurisdiction, the exercise of which had been suspended (not necessarily ended) when the case was carried to the higher court whose only duties were to correct the errors of the lower court, if any. "The

filing of a remittitur from the Supreme Court in the office of the clerk of a trial court immediately reinvests it with [the exercise of its formerly suspended] jurisdiction for all purposes over the case to which such remittitur relates, though good practice requires that the trial court cause the remittitur to be entered upon its minutes." *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330).

In the instant case, the sustaining of the .general demurrer and the dismissal of the case by the lower court was not unconditionally affirmed or reversed by the higher court. The higher court presumptively contemplated that the lower court would proceed with the case, and determine the question whether or not a certain designated amendment was proper; otherwise it would have been doing a vain and useless thing, and whatever the decision of the lower court relatively to one of the purposes of the "direction in the remittitur," that if the plaintiff tender an amendment which is proper and that it be allowed and if improper disallowed, the ruling would be reviewable by the higher court, and the plaintiff would not, by operation of law, be shut off from having the question decided by the higher court merely because a formal general order made the judgment of the Court of Appeals the judgment of the trial court in order that it might proceed with the case, following, of course, the direction of the higher court. The two courts necessarily had not concurred unconditionally on the completed case in exactly the same decision and judgment, to wit: that the case is dismissed, which would be necessary under the record here in order to carry the entire case out of court. The direction of the higher court in its judgment was that the plaintiff be allowed to amend his petition so as to cure the defects therein at a specified time or date, that is, the plaintiff be afforded a hearing on this question of the allowance of a proper amendment at a stated time. There was no penalty stated in the judgment such as, "upon failure to do this the judgment below be unconditionally affirmed." (*Equity Life Association* v. *Gammon,* 119 *Ga.* 271, 277, 46 S. E. 100; *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3), 122 S. E. 198), or that upon such failure "the case stands dismissed." (*Blyth* v. *White,* 178 *Ga.* 488, 173 S. E. 421; *Clark* v. *Ganson,* 144 *Ga.* 544, 87 S. E. 670; *O'Hara* v. *Rutherford,* 62 *Ga. App.* 866, 10 S. E. 2d, 200), nor was any other penalty of like import provided in the judgment.

The provision in the judgment of the Court of Appeals which related to the element of time for the allowance of such an amendment authorized the superior court to give immediate effect to the judgment of the Court of Appeals upon the signing of such order. The trial court was thus authorized, upon the signing and entry of such order, whether in term or vacation, instanter to set the hearing of the question of the allowance of the amendment, and thereupon then and there to pass finally on the general demurrer, but it was not required to do so. The judge might in his sound discretion continue the hearing. *Equity Life Association* v. *Gammon,* supra; *Bartlett* v. *Taylor,* 147 *Ga.* 85 (2 *a*) (92 S. E. 940). See also Code, §§ 6-1805, 6-1806. Such a judgment of the higher court should be properly construed as directing the lower court to allow the plaintiff time within which to amend, and does not purport to direct the lower court, upon failure to amend at that time, to dismiss the case (*Equity Life Association* v. *Gammon,* supra); but purports to direct that the judge, within his powers in virtue of his jurisdiction of the whole case, proceed with the case in the superior court and permit the plaintiff to amend, if a proper amendment is tendered; and, among other powers he would have and could exercise, in his sound legal discretion, would be the right to continue the hearing on the general demurrer from time to time until the final hearing on the general demurrer.

The judgment of the Court of Appeals and the formal order of the superior court making that judgment its judgment, construed singly or together, did not intend to, nor did they by operation of law, dismiss the case. Thus, the case is still pending for proper procedure in the superior court. In other words, the filing of the remittitur "reinvested" the lower court with jurisdiction, the exercise of which had been suspended (*Knox* v. *State,* supra), to proceed; and the usual procedure after the receipt and filing of the remittitur in the trial court would be to order formally the judgment of the higher court to be made the judgment of the lower court, then placing the case on the active docket, then setting it for a hearing or trial; and while under the special direction given by the higher court in the instant case the lower court could set the case for a hearing instanter on the signing and entry of the order, yet if the lower court failed to do so the case was still pending. A mere lack of action on the part of the lower court, even

where the plaintiff has been ordered, to proceed with the case set for a particular day, does not dismiss it where no penalty is provided for failure so to do. *Blyth* v. *White,* supra.

The case was pending in the superior court at the time of the filing of the remittitur. Something must thereafter be done which would operate as a dismissal in order to deprive the lower court of its jurisdiction to pass upon a phase of the case upon which it has never theretofore passed upon, but which the higher court directs conditionally that it do pass upon; otherwise, it remains in the court for a proper proceeding therein. I think the lower court now has jurisdiction for all purposes over the case to which the remittitur relates, one of which purposes is to pass on the question stated in the direction of the higher court, and that the judge of the superior court did not err in holding that the case was still in his court for proper proceeding therein. *McRae* v. *Sears,* supra, relied on by the majority opinion, is not in point, as the order there had a penalty attached. In *Berrien County Bank* v. *Alexander,* supra, the reversal was unconditional.