THE AUGUSTA RAILWAY COMPANY v. ANDREWS.

1. When a judgment of the trial court overruling a demurrer to the plaintiff's declaration was reversed by the Supreme Court on the ground that the declaration did not set forth a cause of action and consequently ought to have been dismissed, it was not too late, by amendment in the court below, to relieve the declaration of its defects, if the amendment was proper and germane and was offered before the *remittitur* from the Supreme Court was made the judgment of the trial court, and this is so although the amendment was not offered till after the cause of action would have been barred by the statute of limitations.

2. Where, in such case, counsel for one party prepared and filed an order that the *remittitur* from the Supreme Court be entered on the minutes of the trial court and made the judgment thereof, and counsel for the other (the plaintiff below) gave notice of a motion to amend the declaration, and the court thereupon announced it would not pass upon the order referred to until the plaintiff could be heard on the motion to amend, it was too late, after the lapse of more than thirty days, to except to the failure or refusal of the court to take action upon the order mentioned, even if such failure or refusal was, of itself, erroneous, the same not having been excepted to *pendente lite*.

3. There was no error in allowing the amendment offered, or in refusing to sustain the demurrer to the declaration as amended. The amendment did not set up a new cause of action, but by its allegations it amplified, enlarged and made complete the same cause of action intended to be set forth in the original declaration, and relieved it of the main defect upon which it was adjudged to be insufficient, by alleging facts showing that the plaintiff when injured was not a trespasser upon the fire-alarm pole, but was there by the permission of its owner, and that his presence there should have been anticipated by the defendant. The allegation that permission to climb this pole had been granted the plaintiff by the "City Council of Augusta through its duly authorized officers and agents," was sufficient, without stating the name of any particular official or agent of the municipal government.

November 27, 1893.

Action for damages. Before Judge EVE. City court of Richmond county. February term, 1893.

Andrews sued the Augusta Railway Company for damages sustained from a shock from an electric wire, and a consequent fall from a pole to the ground. The

case came to the Supreme Court, and it was held that
the city court erred in not sustaining the demurrer to
the declaration as amended.   89 *Ga.* 653.   After the
receipt of the *remittitur*, the plaintiff's counsel gave no-
tice of a motion to amend the declaration.   The defend-
ant's counsel prepared an order, that the *remittitur* be
entered of record and stand as the judgment of the city
court, and that the demurrer to the declaration as
amended be sustained, and the case dismissed at the cost
of the plaintiff.   This order with the *remittitur* was filed
with the clerk in open court, but the court announced
he would not pass upon the order until the plaintiff
could be heard on his motion to amend.   Afterwards
the plaintiff's counsel served the defendant's counsel
with the proposed amendment (set out in the third part
of the opinion), with notice that on a·call of the case
and before the judgment of the Supreme Court, as evi-
denced by the *remittitur* then of file, was made the judg-
ment of the city court, the amendment would be offered.
To this amendment the defendant objected and de-
murred on the grounds, that it came too late, not having
been offered before the *remittitur* was filed and before
the order to enter *remittitur* was offered ; that it adds a
new and distinct cause of action ; that it was not offered
within two years from the date on which the cause of
action arose, or from the date of the filing of the suit,
and the original suit as filed containing no cause of ac-
tion as decided by the Supreme Court, the amendment
now offered come too late ; that it is too indefinite, and
fails to allege the officer or agent of the city who granted
the permission to the telephone company to climb the
fire-alarm poles, and fails to allege that defendant had
any notice of the grant·of such permission upon the
part of the city to the telephone company ; and that, as
to the custom of climbing poles in the city of Augusta,
it is too indefinite, in that it fails to allege how long said

custom had continued, or that said custom was in operation prior to the time of the injury complained of; defendant contending that nothing but a positive knowledge and assent upon its part to said custom could in any way bind it. The court allowed the amendment and overruled the demurrer, and thereupon refused to allow the order filed by the defendant with the *remittitur* to be entered of record; but in lieu thereof ordered that the *remittitur* be placed on the minutes and stand as the judgment of the city court, that the verdict and judgment in favor of the plaintiff be set aside, and that the defendant recover of the plaintiff the costs theretofore accrued. To these rulings the defendant excepted.

J. S. & W. T. DAVIDSON, for plaintiff in error.
TWIGGS & VERDERY, *contra.*

SIMMONS, Justice.

1. When this case came before us on a former writ of error, the judgment of the court below was reversed on the ground that the court erred in not sustaining a demurrer to the declaration. (89 *Ga.* 653.) An amendment to the declaration was afterwards offered and allowed in the court below, before the *remittitur* was made the judgment of that court. This was done over the objection of the defendant, who insisted that the amendment came too late, and filed a demurrer on the several grounds set out in the reporter's statement; and the case is now before us on exceptions to the allowance of the amendment and the overruling of the demurrer. It was contended that the amendment came too late, because it was not offered before the *remittitur* was filed and before the order to enter the *remittitur* was offered. As to this we hold that the mere filing of the *remittitur* and offer of an order to enter it as the judgment of the court, did not deprive the court of such power as it had in respect to amendment. The *remittitur* had not then been made

the judgment of the court, and until this was done the declaration was amendable. See *Sullivan, Cabot & Co.* v. *Railroad Co.,* 28 *Ga.* 29; *Thurmond* v. *Clark,* 47 *Ga.* 500. Nor does this case fall within the principle of the decision in *Central Railroad Co.* v. *Paterson,* 87 *Ga.* 646, which was referred to in support of the position that no amendment is allowable at any time after this court has held that the declaration does not set forth a cause of action. In that case the ruling excepted to was the sustaining, and not, as in the present case, the overruling of the demurrer; so that when this court affirmed the judgment, the case was entirely out of court and there was nothing to amend by. Here there was still a case in court when the offer to amend was made. It was objected that the amendment was barred by the statute of limitations because not offered within two years from the date on which the cause of action arose or the date on which the suit was filed. An amendment which introduces no new cause of action is not barred if the action itself is not barred; and this amendment, as will be shown, did not introduce a new and distinct cause of action. Such an amendment relates back to the filing of the suit. *Hines* v. *Rutherford,* 67 *Ga.* 606; *Poullain* v. *Poullain,* 76 *Ga.* 422(9 a); *Verdery* v. *Barrett,* 89 *Ga.* 349; *Colley* v. *Coffin Company,* this term, *ante,* 664.

2. On the 6th of June, 1892, the court below announced that the proposed order to enter the *remittitur* would not be passed upon until the plaintiff could be heard on the motion to amend; and no further action was taken by either party until December 23d, when the amendment was offered. The bill of exceptions was tendered on the 22d of February, 1893. Even if the court erred in failing or refusing to take action when so requested upon the proposed order to enter the *remittitur,* such failure or refusal was not excepted to *pendente lite,* and after the lapse of more than thirty days it was too late to except to it otherwise.

3. We held, when the case was here before, that the declaration was defective in not alleging that the plaintiff had permission from the owner of the electric system on which he had entered at the time he was injured,—: the fire-alarm system of the Augusta Fire Department, —to come in contact with its wires or to climb its pole in the prosecution of his business for the telephone company, or that the defendant knew of his presence at the scene of the injury. (89 *Ga.* 653.) The amendment in question is as follows:

" Petitioner further shows that, before and at the time of said injuries, the ownership or custody and control of said fire-alarm wires and poles was in the City Council of Augusta, and that permission had been granted by said City Council of Augusta, through its duly authorized officers and agents, to said telephone company, or its employees, to climb said fire-alarm pole in the work of stringing its telephone wires. And further shows, that besides the defendant company the following corporations had, at the time of the injuries herein complained of, numerous poles and wires erected on various streets of said city of Augusta, to wit: the Western Union Telegraph Company, the.Postal Telegraph Company, the Bell Telephone Company, the Thomson-Houston Electric Company, and the Augusta Fire Department. That there is scarcely a work-day in the year but what servants and employees of these different corporations are not engaged in various kinds of work on the poles and among the wires thereof, in repairing the old and stringing new lines of wires, putting on new brackets and insulators, etc., etc. That it is customary and usual for the employees of each of said corporations to go up on the poles and among the wires of each other for the purpose of doing said work, without formally obtaining permission therefor. That these facts were known to the defendant company, its officers and servants, or might have been known by the exercise of ordinary care. That the provisions of said city ordinance, requiring guard or dead wires at crossings or intersections, were made largely for the protection and security of persons thus engaged in working on said poles and among said wires of the corporations above enumerated."

There was no error in allowing this amendment or in refusing to sustain the demurrer to the declaration as amended. The amendment did not set up a new and distinct cause of action, but amplified, enlarged and made complete the same cause of action intended to be set forth in the original declaration, and relieved it of the main defect upon which it was adjudged to be insufficient. According to the declaration, the injury was caused by a current of electricity transmitted from the feed-wire of the electric railway system which the defendant company was then operating, to and along the wire of the fire-alarm system, to where it came in contact with the plaintiff while he was upon a pole of the latter system stringing wires in the service of the telephone company; and the injury was thus caused by reason of the defendant's negligence in permitting its feed-wire to come in contact with the fire-alarm wire at a certain point indicated, and in failing to separate and keep separate, at a safe and proper distance, its feed-wire and the fire-alarm wire at that point. It will be seen, therefore, that the theory of the action is not changed by the amendment. There is no change in respect to the alleged injury and the manner of it, or in respect to the negligent acts or omissions which constitute the breach of duty on account of which the recovery is sought. But the declaration being insufficient in merely assuming the duty to exist, without setting out anything which would tend to show that it existed as to the party complaining,—who so far as appeared might have been a mere trespasser,—the amendment supplies the omission and thus makes complete the intended cause of action. Tested by the rules laid down in *Ellison* v. *Railroad Co.*, 87 *Ga.* 691, it is clear that there was enough to amend by, and that the amendment did not introduce a new and distinct cause of action. See opinion in that case, p. 716(7).

The allegation that permission to climb the pole had been granted by the "City Council of Augusta through its duly authorized officers and agents" was sufficient, without stating the name of any particular official or agent of the municipal government.

*Judgment affirmed.*