## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* CHANEY.

1. When the judgment of a trial court overruling a demurrer to a declaration is reversed by this court, the plaintiff has the right to offer an amendment to the declaration at any time before the order is passed making the judgment of this court the judgment of the trial court.

2. The declaration as amended set forth a cause of action, and there was no error in overruling a general demurrer to the same.

Argued January 27, — Decided March 4, 1898.

Action for damages.    Before Judge Norwood.    City court of Savannah.    July term, 1897.

*Erwin, duBignon, Chisholm & Clay*, for plaintiff in error.
*R. R. Richards* and *W. P. Hardee*, contra.

COBB, J.    Chaney sued the railway company for damages on account of personal injuries alleged to have been occasioned by his being struck from behind by a moving car propelled by a locomotive of the defendant while he was walking between its lines of tracks on his way to its roundhouse, at which place he was employed as a laborer of the defendant.    He also alleged that the defendant was negligent in running into him and in not warning him of the approach of the car.    The case came to this court upon exceptions to the overruling of a general demurrer to the declaration, and the judgment of the court below was reversed.    ( 101 *Ga.* 420. )    It was then held that the averments of the declaration were "not sufficient to show that the plaintiff was not a trespasser, since it might or might not have been necessary for him to reach the roundhouse by walking between the lines of the track, and it does not appear whether or not his custom in this respect was known or sanctioned by the defendant.    As the declaration does not by proper allegations concerning these matters affirmatively show that he had a right to be at the place where he was when injured, it is proper to deal with him as a trespasser; and this being so, the specific acts which caused the injuries and which are averred to constitute the negligence entitling him to recover, were not, relatively to him, negligent at all, for the reason that they involved the breach of no duty due to him by the defendant."    Before the remittitur from this court was made the judgment of the court below, that court, over objection of the defendant, allowed the plaintiff to amend his declaration by adding thereto the allegations hereafter referred to.    The defendant moved to dismiss the declaration as amended, on the ground that it did not set forth a cause of action.    The court overruled this

motion, and the defendant excepted, assigning as error the allowance of the amendment and the refusal to dismiss. The amendment was in substance as follows: It was necessary to walk either on or between the defendant's lines of railway-tracks, to reach the roundhouse where plaintiff was employed. His custom in walking between the lines of tracks was known to and sanctioned by the defendant. He had a right to be at the place where he was injured, at the time of the injury. The engineer or fireman in charge of the engine saw him in time to stop without injuring him, but incautiously neglected to do so. The engineer or fireman in charge of the engine could and ought to have seen him in time to avoid injuring him, if they had exercised any care or diligence whatever, but wilfully or wantonly ran the engine, or car attached thereto, upon him and injured him. This was done in broad daylight, with nothing to prevent the engineer or fireman from seeing his exposed condition in time to avoid injuring him. The place where he was injured was in the city limits of Savannah between streets designated, and was a place defendant knew was used by its employees in going to and from their homes to their places of work in the yard, including the roundhouse used by it for its railway purposes in such city, and the defendant acquiesced in such use of the place. The defendant was negligent, and caused the injury by failing to have and keep a lookout or employee upon the car, or cars, attached to the engine, so as to exercise care and diligence to discover and protect its employees, including plaintiff, and to warn plaintiff in due time of the approach of the engine and cars while he was lawfully using the place as a footway in going to his place of work at the roundhouse.

The case having been brought to this court originally on exceptions to the overruling of a general demurrer, the case was still pending in the court below when the motion was made to enter the remittitur from this court and make the judgment of this court the judgment of the court below. In order to carry the case out of the court it was necessary for the judgment of this court to be entered, and at any time before this was done an amendment to the declaration was allowable. This is well

settled by the adjudications of this court. *Augusta Railway Company* v. *Andrews,* 92 *Ga.* 706, and cases cited. There was therefore no error committed by the court in considering the amendment offered by the plaintiff when the motion was made to enter the remittitur. If the case had been dismissed on demurrer and such dismissal had been affirmed by this court, the amendment would not have been allowable. *Central Railroad & Banking Company* v. *Patterson,* 87 *Ga.* 646. As the plaintiff had the undoubted right to amend, the question is raised, whether the amendment offered was such as should have been allowed, and whether with the amendment the declaration set forth a cause of action. The effect of the decision of this court in the case when it was here before was, that if the declaration had contained allegations which showed that it was necessary for the plaintiff to be where he was at the time of the injury, in order to reach the roundhouse of defendant, in which he was employed, or, if it was not necessary, if it was his custom to use this way to the roundhouse and such custom was known or sanctioned by the defendant, or allegations which would raise a duty toward him, even if he was a trespasser, the declaration should not have been dismissed on demurrer; and the amendment which was offered and allowed containing all of the allegations which the decision of this court referred to as being necessary and proper in order to make a cause of action, the trial judge committed no error in allowing the amendment and overruling the demurrer to the declaration as amended.

*Judgment affirmed. All the Justices concurring.*