CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY v. MILLER.

1. Where this court has reversed the judgment of a trial court for not sustaining a demurrer to a petition, it is not too late, before the remittitur embracing the judgment of this court is acted upon by the court below, for the plaintiff to so amend his petition as to make it set forth a valid cause of action.
2. A petition by a servant against his master for injuries resulting from defective machinery, which alleges that the plaintiff did not know the fact that defects existed in the machinery, and could not have discovered the same by the exercise of ordinary care and diligence, but that the defendant did know this fact or could have known it by the exercise of such care and diligence, in effect states that the servant "had not equal means of knowing such fact."

Submitted March 1, — Decided April 1, 1902.

Action for damages.    Before Judge Eve.    City court of Richmond county.    June 26, 1901.

*J. R. Lamar*, for plaintiff in error.    *H. C. Roney*, contra.

LUMPKIN, P. J.    Miller sued the railway company, and obtained a verdict and judgment in his favor.    The case was brought to this court for review, and was sent back for a new trial on the ground that the court below erred in overruling a demurrer to the plaintiff's petition.    See 113 *Ga.* 15.    Upon the return of the remittitur to the court below, counsel for the railway company moved that it be made the judgment of the trial court, and also moved that an order be passed dismissing the plaintiff's petition.    The plaintiff thereupon offered an amendment to his petition as originally filed, which, over objection, was allowed, and the defendant excepted.    The grounds of objection to the allowance of the amendment were, (1) that it was offered too late; (2) that there was nothing by which to amend; (3) that the Supreme Court having adjudged that the defendant's general demurrer should have been sustained, the petition should be dismissed; (4) that the petition as amended set out no cause of action.

1. By reference to the case in 113 *Ga.*, it will be seen that the plaintiff's right to recover rests upon the rules of the common law applicable to his case; and it was there held that his petition as originally filed was defective in that it did not contain allegations sufficient to make out a cause of action at common law.    The amendment offered when the remittitur was returned to the trial court was framed solely with a view to supplying the necessary allegations and thus curing the defects which caused the reversal of the judgment when the case was here before.    The right of a plaintiff, where a judgment overruling a demurrer to his petition has been reversed by this court, to amend his cause of action at any time prior to making the judgment of this court that of the trial court, is no longer open to dispute in this State; and this is so though the demurrer, the overruling of which was the ground of reversal, was based upon the general ground that the petition failed to set up a cause of action.    *Augusta Ry. Co.* v. *Andrews*, 92 *Ga.* 706; *Savannah Ry. Co.* v. *Chaney*, 102 *Ga.* 814.    The petition in the present case certainly contained enough to amend by, under the ruling in the case of *Ellison* v. *R. Co.*, 87 *Ga.* 692, and was consequently not open to the objection that there was nothing by which to amend.

2. The suit was for damages on account of personal injuries received by the plaintiff while in the employment of the defendant as a train hand, and negligence was attributed to the company in having and maintaining a defective coupling apparatus and defective bumpers on its train, which, it was alleged, caused the plaintiff's injuries. The amendment which was allowed, and by which it was sought to supply the allegations necessary to complete the cause of action, was an addition to the petition in the following words: " That the plaintiff did not know of the defective coupling and defective bumpers, nor could he have discovered said defects by the exercise of ordinary care and diligence; but said defendant company knew of said defects, or could have known of them by the exercise of ordinary care and diligence." It is insisted by counsel for the plaintiff in error that the amendment did not cure the defect in the petition, because it did not go further and allege, as required by the Civil Code, § 2612, that the plaintiff " had not equal means of knowing of" the defects in the machinery. To sustain this contention, however, would be to draw a distinction where there is in reality no difference. The same degree of diligence was imposed by law upon both plaintiff and defendant. To say that by the exercise of that degree of diligence the defendant ought to have known of the defects complained of, and that the plaintiff, by using the same degree of diligence could not have known of them, is necessarily equivalent to saying that the plaintiff had not equal means with the defendant of knowing of the defects. It would perhaps have been better to use the precise phraseology of the code section. It certainly would, had the cause of action originated in Georgia ; but as this was a South Carolina case governed by the common-law rule, we are quite sure the amendment set forth that rule with the requisite clearness. The petition as amended stated a good cause of action, and there was no error in any of the rulings of which complaint is made in the bill of exceptions.

*Judgment affirmed. All the Justices concurring, except Little, and Lewis, JJ., absent.*