## 6177.  HILLIS v. COMER & COMPANY.

BROYLES, J. 1. Upon its former appearance before this court (*Hillis* v. *Comer & Co.*, 14 *Ga. App.* 30 (79 S. E. 930), the judgment of the court below in this case was reversed upon two grounds: (1) that, the copy of the mortgage attached to the affidavit of foreclosure not being sufficiently verified to meet the requirements of the statute, the court erred in overruling the affidavit of illegality, and (2) because there was no evidence then in the case which showed that the guano sold by the plaintiff to the defendant was used in the cultivation of the cotton levied upon, and, therefore, that the direction of a verdict in favor of the plaintiff was error. Before the remittitur of this court was made the judgment of the court below, the plaintiff, by leave of the court and over the objection of the defendant's counsel, amended the foreclosure proceedings by introducing the original mortgage, and, upon motion, the case was placed on the docket for retrial. *Held:* A proper amendment to a petition can be made at any stage of the case, and a case brought to this court is still pending until the remittitur from this court is entered upon the minutes of the trial court. See *C. & W. C. Ry.* v. *Miller*, 115 *Ga.* 92 (41 S. E. 252); *Thurmond* v. *Clark*, 47 *Ga.* 501; *Augusta Ry. Co.* v. *Andrews*, 92 *Ga.* 706 (19 S. E. 713); *Savannah Ry. Co.* v. *Chaney*, 102 *Ga.* 814 (30 S. E. 437); *Seaboard Air-Line Ry.* v. *Randolph*, 126 *Ga.* 240 (55 S. E. 47). The court therefore did not err in allowing plaintiff's amendment, or in ordering the cause to be retried.

2. Paragraph 6 of the defendant's counter-affidavit was properly admitted in evidence, as this paragraph contained an implied admission by the defendant that he had used the fertilizers upon his cotton lands.

3. The plaintiff having introduced evidence which showed that the guano sold by it to the defendant was used in the cultivation of the cotton levied upon, and the defendant having offered no evidence whatever, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Russell, C. J., dissents.*

DECIDED AUGUST 2, 1915.

Affidavit of illegality; from city court of Waynesboro—Judge Davis.  October 29, 1914.

*H. A. Boykin, H. J. Fullbright,* for plaintiff in error.
*Brinson & Hatcher,* contra.

RUSSELL, C. J., dissenting.  I agree to the rulings in paragraphs 1 and 2 of the decision in this case, but, in my opinion, the trial judge erred in directing a verdict.  The fact that the defendant introduced no evidence is of no consequence in determining whether a verdict should have been directed; for the burden was upon the plaintiffs to show that the guano purchased from them was used under the identical cotton levied on; and a verdict in their favor was not demanded, and could not properly be directed, if the evi-

dence introduced authorized any other inference on the part of the jury than that this guano was so used. *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209). In my opinion there was no evidence to show that any of this guano was used in the cultivation of the crop in question.