*Hal Lawson* and *Quincey & Rice,* for defendants.

---

## BERRIEN COUNTY BANK *v.* ALEXANDER.

1. Where the judgment of the trial court, overruling a demurrer, was reversed by the Court of Appeals upon the ground that the petition failed to set forth a cause of action, and where, before the remittitur was made the judgment of the lower court, the plaintiff gave notice of his intention to amend his petition, and had actually prepared and submitted his amendment for approval, and the court had directed him to submit the amendment to the opposite party so that the latter's objections to the allowance thereof could be filed and heard, the court having informed both parties that they should be fully heard before anything would be done which would prejudice the rights of either party; and where the judgment, making the judgment of the appellate court the judgment of the lower court, was presented with full knowledge of the contents of the amendment, and was signed by the judge through misapprehension and by oversight, the trial court was not without jurisdiction to vacate the order making the judgment of the Court of Appeals the judgment of the trial court, and thereafter to allow the plaintiff to amend his petition, when this was done during the term at which the vacated order was taken.

2. Where a claim against a bank, which has been taken over by the State superintendent of banks, has been rejected by him, when presented to him for payment, under section 3 of article 7 of the act of Aug. 16, 1919 (Ga. Laws 1919, p. 154), the claimant must bring suit against the bank to establish the justice of such claim, and not against the superintendent of banks.

3. The only provision for suit against the State superintendent of banks being that contained in section 8 of article 7 of this act, the superintendent can only be sued in the superior court of the county in which the bank is located, and can not be sued in a city court.

No. 3329. JANUARY 18, 1922.

The Court of Appeals (in Case No. 13394) requested instruction from the Supreme Court upon the following questions, a determination of which is necessary for the decision of this case:

1. Upon its former appearance before the Court of Appeals (*Berrien County Bank* v. *Alexander, 28 Ga. App.* 55, 110 S. E. 311), the judgment of the trial court in this case was reversed upon the ground that the petition failed to set out a cause of action. After the receipt of the remittitur of the Court of Appeals

by the clerk of the lower court, the trial judge signed an order making the remittitur of the Court of Appeals the judgment of the lower court; but during the same term at which the order was executed, the court, upon motion of the plaintiff and over objection of the defendant, vacated the order and allowed the plaintiff to file an amendment to the petition. This latter judgment is as follows: "It appearing to the court that before the remittitur of the Court of Appeals was made the judgment of this court the plaintiff, W. H. Alexander, had given the court notice of his intention to amend this petition and had actually prepared and submitted his amendment for approval, and the court directed him to submit his said amendment to the opposite party, the Berrien County Bank, so that its objections to the allowance of said amendment could be filed and heard by the court, as the court had informed both parties that they should be fully heard before anything would be done that would prejudice the side of either party, and the judgment making the remittitur the judgment of this court was presented with full knowledge of the contents of the amendment and signed by the court through misapprehension of the facts and by oversight, it is ordered by the court that the judgment making the remittitur of the Court of Appeals the judgment of this court be and the same is hereby set aside and annulled and ordered cancelled of record." Under the above facts, was the trial court without jurisdiction to vacate his original order making the remittitur of the Court of Appeals the judgment of the lower court and thereafter to allow the plaintiff to amend his petition?

2. Where a claim against a bank, which has been taken over by the State superintendent of banks, is presented to him for payment and is by him rejected, can the claimant, in view of section 3 of article 7 of the act of 1919, approved August 16, 1919 (Ga. L. 1919, p. 154), providing that "the taking possession of any bank by the superintendent of banks shall be sufficient to place all assets and property of such bank, of whatever nature, in possession of the superintendent of banks, and shall operate as a bar to any attachment or any other legal proceedings against such bank or its assets," bring suit against "the bank," or must he bring suit against the State superintendent in charge of such bank? In this connection attention is directed to section 15 of article 7 of said act, which is as follows: "If the superintendent doubts the justice and valid-

ity of any claim or deposit, he may reject the same, and serve notice of such rejection upon the claimant or depositor, either personally or by registered mail; and an affidavit of the service of such notice, which shall be prima facie evidence thereof, shall be filed in the office of the superintendent. Any action or suit upon such claim so rejected *must be brought by the claimant against the bank* in the proper court of the county in which the bank is located, within ninety (90) days after such service, or the same shall be barred." (Italics ours.)

3. Is the State superintendent of banks, under the banking laws of 1919 (Ga. L. 1919, pp. 135 et seq.), suable in a city court, or must actions against him under that act be brought in the superior court? See, in this connection, article 2, section 22; article 4, section 5; article 6, section 3; article 7, sections 7, 8, 9, 12, 13, and 16 of the act of 1919 (Ga. L. 1919, p. 135).

*Elsie Higgs Griner* and *Story & Story,* for plaintiff in error.

*William D. Buie* and *Joseph A. Alexander,* ·contra.

HINES, J. 1. Was the judge of the city court of Nashville without jurisdiction to vacate his previous order making the judgment of the Court of Appeals the judgment of that court, and, after vacating the same, to permit the plaintiff to amend his petition to meet the grounds of demurrer thereto, under the facts stated in the first question propounded to this court by the Court of Appeals? Where the Court of Appeals reversed the judgment of the city court of Nashville overruling the demurrer to the petition of the plaintiff, it was not too late for the latter, before the remittitur was acted upon and the judgment of the Court of Appeals was made the judgment of the lower court, to amend his petition, so as to meet the grounds of demurrer. *Thurmond* v. *Clark,* 47 *Ga.* 500; *Augusta Ry. Co.* v. *Andrews,* 92 *Ga.* 706 (19 S. E. 713); *C. & W. C. Ry. Co.* v. *Miller,* 115 *Ga.* 92 (41 S. E. 252); *S., F. & W. Ry. Co.* v. *Chaney,* 102 *Ga.* 814 (30 S. E. 437); *Equity Life Asso.* v. *Gammon,* 119 *Ga.* 271, 277 (46 S. E. 100); *S. A. L. Ry.* v. *Randolph,* 126 *Ga.* 238, 240 (55 S. E. 47); *Mills* v. *Boyd Lumber Co.,* 148 *Ga.* 23 (95 S. E. 698); *Hillis* v. *Comer,* 16 *Ga. App.* 653 (85 S. E. 931); *Walker* v. *Cook,* 17 *Ga.* 126.

This right to amend was cut off when the city court acted upon the remittitur from the Court of Appeals, and made the judgment of the Court of Appeals its judgment; and the plaintiff was pre-

cluded by this latter judgment from amending his petition, as that judgment of the lower court put an end to the case, so long as it stood unrevoked. But during the term at which that judgment was rendered, what power did the city court have over it? Could that court revoke or set it aside? "A court has plenary control of its judgments, orders and decrees during the term at which they are rendered, and may amend, correct, modify, or supplant them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them." 1 Black, Judg. § 153; *Jordan* v. *Tarver,* 92 *Ga.* 379 (17 S. E. 351); *Cooley* v. *Tybee Beach Co.,* 99 *Ga.* 290 (25 S. E. 691); *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256); *Perkins* v. *Castleberry,* 119 *Ga.* 702 (46 S. E. 825); *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823); *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (48 S. E. 380); *Wells* v. *Butler's Builders' Supply Co.,* 128 *Ga.* 37 (57 S. E. 55).

We have been unable to find but one case in which this question was raised in this court, and that is the case of *Pritchett* v. *Commissioners,* 93 *Ga.* 736 (19 S. E. 896). In that case this point as an original proposition was not decided. This court held, that the order revoking the judgment of the trial court, making the judgment of this court its judgment, was conclusive upon the complaining party, as the latter did not except to the same, but undertook afterwards to treat this order as void for lack of authority in the court to make it. So we are remitted, in the absence of a direct ruling by this court on this subject, to the application of the general principle above cited.

In the case at bar, the judgment which the city court vacated was its own judgment carrying into effect the judgment of the Court of Appeals. We fail to see any reason why this judgment does not stand upon the same footing as other judgments of that court. If so, it, like such other judgments, was in the breast of the court during the term at which it was rendered; and to insure and promote justice, that court could revoke it during that term. The principle above stated applies to all judgments, orders, and decrees of the trial court, and not alone to decisions of the trial court other than orders and judgments carrying into effect the mandates of the appellate court. Both sets of judgments are in the breast of the lower court during the term; and, under the facts narrated in the first question propounded by the Court of

Appeals, the judge of the city court did not abuse his discretion in vacating this order making the judgment of the Court of Appeals the judgment of the city court, and in permitting the plaintiff to amend. So we answer the first question propounded in the negative.

2. What is the proper construction of section 3 of article 7 of the act of Aug. 16, 1919 (Ga. Laws 1919, p. 154, creating the Department of Banking? That section is as follows:

" Sec. 3. *Effect of Notice or Possession.*— The posting of such notice by the directors, or the taking possession of any bank by the Superintendent of Banks, shall be sufficient to place all assets and property of such bank, of whatever nature, in possession of the Superintendent of Banks, and shall operate as a bar to any attachment or any other legal proceedings against such bank or its assets; and no lien shall be acquired in any manner binding or affecting any of the assets of such bank after the posting of such notice or taking possession of any bank by the Superintendent, and every transfer or assignment by such bank, or its authority, of the whole or any part of its assets, after the posting of such notice or the taking possession of such bank, shall be null and void."

This section must be construed with section 15 of article 7 of this act, which reads as follows:

" Sec. 15. *Superintendent may Reject Claims.*— If the Superintendent doubts the justice and validity of any claim or deposit, he may reject the same, and serve notice of such rejection upon the claimant or depositor, either personally or by registered mail, and an affidavit of the service of such notice, which shall be prima facie evidence thereof, shall be filed in the office of the superintendent. Any action or suit upon such claim so rejected must be brought by the claimant against the bank in the proper court of the county in which the bank is located, within ninety (90) days after such service, or the same shall be barred."

Both sections must be construed so as to uphold and give effect to all the provisions of each. *Smith* v. *Davis,* 85 *Ga.* 625 (11 S. E. 1024). The section first quoted declares that when the Superintendent of Banks takes possession of any bank, this action " shall operate as a bar to any attachment or other legal proceedings against such bank or its assets." The language, " any other legal proceedings against such bank or its assets," standing alone, is

broad enough to cover any suit of any character whatever; but when the purpose of the legislature is considered, it is clear this language has no such broad significance. The bar is first against any attachment against such bank or its assets. The purpose of this is to prevent the assets of the bank in the hands of the superintendent being seized and taken from his possession by attachments. The bar is, second, against any other legal proceedings against such bank or its assets. The kindred purpose and scope of this is plain. It is to protect the possession of the assets of the bank by the superintendent from interference by any legal proceedings, such as one for receivership, by levy of process upon such assets, or any proceedings by which the possession of the superintendent would be disturbed.

Now, when the superintendent rejects any claim or deposit, any action to establish its validity must be brought by the claimant against the bank. Such proceeding will not disturb the possession of the assets of the bank by the superintendent. The object of such suit is to establish the justice and validity of such claim or deposit. Such a proceeding is against the bank, and not against the superintendent; and if the claimant is successful therein, he can not collect his judgment by levy upon the assets of the bank in the hands of the superintendent. The law contemplates and presumes that the superintendent will pay any claim or deposit whose justice and validity has thus been established, as it contemplates that he will pay other just claims against such bank, if he has the means of payment. So we are of the opinion that the holder of such disputed claim or deposit must bring suit against the bank, and not against the superintendent. .

3. Is the State Superintendent of Banks suable in a city court, or must actions be brought against him in the superior court? To answer this question we must first see upon what causes of action the superintendent of banks is suable. Section 22 of article 2 of this act provides that " the Solicitors-General, in their several circuits, when requested by the Superintendent of Banks, shall, as a part of their official duties, represent the Superintendent of Banks in any suit that the Superintendent may desire to bring, or that may be brought against the Superintendent under the provisions of this Act, in regard to banks in their respective circuits." This section then provides that the superintendent shall fix the

fees of these officers for such services, subject to the approval of the judges of the superior courts of the circuits in which such suits are brought; and then provides how such fees and the costs of suits shall be taxed. But this section does not undertake to define what actions may be brought against the superintendent. Section 7 of article 7 of this act declares that the superintendent "by making application to the Superior Court of the county in which such bank is located, or to the judge thereof, if said Superior Court be not then in session, may procure an order to sell, compromise, or compound any bad or doubtful debt or claim, and on like order the Superintendent may sell the real and personal property of such bank on such terms as the court, or the judge thereof, shall direct, but on any such court proceedings the bank shall be made a party by a proper notice issued from the court. . ." Clearly, this section provides for court proceedings by the superintendent, but for no proceedings against him.

Section 8 of article 7 of this act declares: "Whenever any bank of whose assets and business the Superintendent has taken possession, as aforesaid, shall deem itself aggrieved thereby, it may, at any time within ten (10) days after its assets and business shall have been taken possession of, apply to the Superior Court of the county in which its office shall be located, or to the judge of such court, if the court be not then in session, to enjoin further proceedings by the Superintendent." This section provides for a suit against the superintendent, and by its terms this suit must be brought in the superior court.

Section 13 of article 7 of this act provides for notice to creditors and proof of claims. Section 15 of article 7 authorizes the superintendent, if he doubts the justice and validity of any claim or deposit, to reject the same and to serve notice of such rejection upon claimants or depositors, either personally or by registered mail; and further provides: "any action or suit upon such claim so rejected must be brought by the claimant against the bank in the proper court of the county in which the bank is located, within ninety (90) days after such service, or the same shall be barred." This section provides for actions against the bank; not for suits against the superintendent.

Section 16 of article 7 provides that "objections to any claim or deposit not rejected by the Superintendent may be made by

any party interested by filing a copy of such objections with the Superintendent, and the Superintendent, after investigation, shall either allow such objections and reject the claim or deposit, or present such objections to the Superior Court of the county in which the bank is located, which court shall cause an issue to be made up and tried at the first term thereafter as to whether or not such claim or deposit should be allowed." Here express provision is made for the trial of such objections in the superior court, if the superintendent presents such objections to the superior court of the county in which the bank is located; but this section does not provide for any suit or action against the superintendent. There are other provisions in this statute, which authorize the superintendent to collect all claims and debts due to banks when he takes possession thereof for liquidation, to issue executions to collect assessments made against stockholders, and to issue executions against banks to enforce penalties for their failure to make reports when required to do so. But the only instance in which we find that there is any provision for suits or actions against the superintendent is that set out in section 8 of article 7 of this act, which provides for an injunction against him when he improperly takes possession of a bank for liquidation. By the express provision of this section, this suit must be brought in the superior court of the county in which the bank is located; and being the only suit which can be brought against the State superintendent of banks under the provisions of this law, the same can not be instituted in the city court, but must be brought in the superior court.                                                           *All the Justices concur.*