## JACKSON *v.* SECURITY INSURANCE COMPANY.

No. 9263. September 14, 1933. Rehearing denied September 23, 1933.

*G. S. Peck* and *Paul S. Etheridge & Sons,* for plaintiff.
*George B. Rush,* for defendant.

HILL, J. 1. "When the judgment of a trial court overruling a demurrer to a declaration is reversed by this court, the plaintiff has

the right to offer an amendment to the declaration at any time before the order is passed making the judgment of this court the judgment of the trial court." *Savannah, Florida & Western Ry. Co.* v. *Chaney,* 102 *Ga.* 815, 817 (30 S. E. 347). See *Augusta Ry. Co.* v. *Andrews,* 92 *Ga.* 706 (19 S. E. 713); *Cooper* v. *Portner Brewing Co.,* 113 *Ga.* 1, 3 (38 S. E. 347); *Charleston & Western Carolina Ry. Co.* v. *Miller,* 115 *Ga.* 92, 93 (41 S. E. 252); *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775, 777 (115 S. E. 648), holding in effect that it was not too late before the remittitur was acted on and the judgment of the Supreme Court, reversing the judgment overruling a demurrer to the petition, was made the judgment of the lower court, to amend the petition to meet the grounds of demurrer.

2. The confusion growing out of cases cited by counsel pro and con arises from the fact that in certain of the cases the trial court did not lose jurisdiction of the case, and in others the court did lose jurisdiction; as, for instance, where the lower court overruled a demurrer to a petition; and in other cases where the trial court sustained the demurrer and dismissed the petition. See the discussion of this question in the opinion in *Savannah, Florida & Western Ry. Co.* v. *Chaney,* supra, where the distinction in the two classes of cases was pointed out.

3. Upon application of the foregoing principle, the question propounded by the Court of Appeals must be answered in the affirmative.                     *All the Justices concur.*