1. Where the trial judge has overruled a general demurrer and his judgment is reversed by the reviewing court, the plaintiff may, before the remittitur from the reviewing court is made the judgment of the trial court, amend his petition as if no judgment had been rendered; otherwise where the reviewing court affirms a judgment sustaining a general demurrer.
2. Plaintiff's amendment to his original petition, which sought specific performance of an oral promise to give the plaintiff certain lands, which amendment struck the allegations held in Milton v. Milton, 192 Ga. 778 (16 S.E.2d 573), to show that the agreement sought to be enforced was one of rental rather than one of gift, thus leaving the petition containing these elements (1) a promise to give, (2) a meritorious consideration, (3) the placing of the plaintiff in possession in pursuance of the gift, and (4) the making of valuable improvements on the faith of the gift, the amended petition stated a good case as against general demurrer.
3. The amendment setting up an additional count to the petition, in which the plaintiff sought to declare upon the same transaction, as set forth in the first count, and in which the transaction was construed and asserted by the plaintiff as a contract of purchase and sale and not as a gift, did not seek to declare upon and add to the petition a new cause of action, but was merely a different statement of how arose this same duty on the part of the defendant, i. e., the duty to convey the described lands to the plaintiff. Thus the plaintiff, declaring upon the same cause of action but stating its origin in a different way, could do so by amendment, as if done in a separate count originally.
4. The amendment setting up a second count containing elements to make it complete within itself, as a cause of action based upon a contract for the sale and purchase of land, was sufficiently certain and definite to meet the challenge of a general demurrer.
 No. 14301. DECEMBER 2, 1942.
After our decision in Milton v. Milton, supra, and before the remittitur was made the judgment of the trial court, the plaintiff offered two amendments, one striking from his petition the paragraph which we had construed in our decision to put him in the position of a tenant, and to render his situation such as to prevent him from successfully declaring upon the transaction as an enforceable oral promise togive the land involved. In this amendment he substituted an allegation which merely declared *Page 131 
that his father put him in possession, directed him to go ahead and improve it, and stated that henceforth the land was to be his own. The other amendment set up an additional count outlining substantially the same transaction, but denominating it as an agreement on his part to purchase and on the part of his father to sell the land. The facts about the transaction are set forth in the former decision, 192 Ga. 778, supra. The difference in the allegations of this count, as stated by the plaintiff, was that upon consideration of his going into possession, making certain improvements, and upon his payment to his father of the equivalent in money of three bales of lint-cotton annually for eight years and of two bales thereafter annually until the death of his father, the plaintiff would receive title to the property. Objections and demurrer to these amendments were on the grounds, that the amendments came too late; that the amendment setting up a new count sought to present a new cause of action, and that the plaintiff, having declared upon and sought to enforce a gift, could not now change his position and assert a contract of purchase and sale; and that he was estopped so to do. The judge allowed the amendments and overruled the demurrer. The exceptions are to this order. These questions were likewise made by a plea of res judicata, but will be considered in our rulings on the demurrer.
1. When the case was heard before. the judge overruled the demurrer challenging the plaintiff's right to recover. This ruling was reversed; and therefore, until the judgment of this court was made the judgment of the court below, the plaintiff had the right to amend. Code, § 81-1301; Mills v. Boyd LumberCo., 148 Ga. 23 (95 S.E. 698); Berrien County Bank v.Alexander, 154 Ga. 775 (115 S.E. 648); Thurmond v.Clark, 47 Ga. 500; Augusta Ry. Co. v. Andrews, 92 Ga. 706
(19 S.E. 713); C. W. C. Ry. Co. v. Miller, 115 Ga. 92
(41 S.E. 252); S., F. W. Ry. Co. v. Chaney, 102 Ga. 814
(30 S.E. 437); S. A. L. Ry. v. Randolph, 126 Ga. 238,240 (55 S.E. 47); Hillis v. Comer, 16 Ga. App. 653
(85 S.E. 931); Walker v. Cook, 17 Ga. 126; Owens v. Owens,190 Ga. 191 (8 S.E.2d 644); Jackson v. Security InsuranceCo., 177 Ga. 631 (170 S.E. 787). This, it will be understood, is different from cases where the judgment had been otherwise, i. e., where there had been judgment dismissing plaintiff's case and a subsequent affirmance. Central R. c. Co. v. Patterson, *Page 132 87 Ga. 646 (13 S.E. 525); Harp v. Southern Ry. Co.,119 Ga. 927 (4) (47 S.E. 206, 100 Am. St. R. 212); City of Rome
v. Sudduth, 121 Ga. 420 (49 S.E. 300); Johnson v. S. A.L. Ry., 14 Ga. App. 223 (80 S.E. 549). The objections to the amendment on the ground that it came too late were properly overruled.
2. As pointed out when we considered the case on the original pleadings (192 Ga. 780), "Where the alleged promise to give land is in parol, the plaintiff, in such a case, has the burden of showing definitely by his allegations: (1) the promise to give; (2) a meritorious consideration; (3) an entry by him into possession in pursuance of the gift; and (4) that on faith thereof he made valuable improvements. Of course the land involved must also be sufficiently described. Holland v.Atkinson, 112 Ga. 346 (37 S.E. 380)."
The weakness we found in the original petition was that it in substance made the plaintiff a tenant and his father the landlord; and this was considered as inconsistent with the theory of gift upon which he sought to recover. All reference to the rental was stricken by this amendment; and by the standard set forth above, the plaintiff has met the criticism, and has stated, in accordance with the rulings made in the former opinion and with the authorities there cited, a case for specific performance of a parol gift of lands. The necessary elements enumerated in our former decision fully appear, and are not now, in this count of the petition as amended, neutralized by the showing of this other relation which was thought to be fatal to his case.
3. It is earnestly argued that by his second count the plaintiff seeks to declare upon a new cause of action; and that, by the principles of estoppel and election of remedies, he may not now assert and recover upon a contract of purchase and sale, having once declared it to be a gift. The plaintiff's right to amend is as perfect in law now as it would have been before any judgment. See authorities cited supra. Originally he might have included in his petition two counts stating his case both ways, one upon the theory of gift and the other upon the theory of contract of purchase and sale. "The plaintiff may in different counts set out the same cause of action in various ways; and where the petition contains more than one count referring to the same transaction, *Page 133 
but differing one from another in substantial particulars as to the details of such transaction, it is not bad for duplicity."National Surety Co. v. Farmers State Bank, 145 Ga. 461, 467
(89 S.E. 581); Gainesville c. Ry. Co. v. Austin, 122 Ga. 823,825, 826 (50 S.E. 983). If the two counts could thus be joined in the original petition, the second count, not stating a new and independent cause of action, could be added by amendment.Foster v. Southern Ry. Co., 42 Ga. App. 830 (3) (157 S.E. 371); Rose v. Taylor, 26 Ga. App. 700 (106 S.E. 922);Miller v. Southern Ry. Co., 21 Ga. App. 367 (5) (94 S.E. 619).
"The plaintiff can not introduce an entirely new cause of action; but if he adhere to the original cause of action, he may add a count substantially different from the declaration."Maxwell v. Harrison, 8 Ga. 61 (2) (52 Am. D. 385). "So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action. . . A single wrong may, however, be composed of numerous elements and shown by various facts. . . The facts are merely the means, and not the end. . . Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown."City of Columbus v. Anglin, 120 Ga. 785, 791
(48 S.E. 318).
In the present case the only real inquiry is to determine what is the cause of action upon which plaintiff seeks recovery. It is true an arrangement between parties which might be called a gift is totally different and contrary to one denominated as purchase and sale; but the cause of action, such as referred to inEllison v. Georgia Railroad Co., 87 Ga. 691, 699, 709
(13 S.E. 809), is in the instant case the alleged breach of duty on the part of the father to convey property to the son. How this duty arose could be explained upon more than one theory. It might rest upon an oral promise to give land (accompanied by all the necessary legal requirements) or upon a simple agreement of purchase and sale. It is still the same duty, and a breach of it is still the same cause of action. In any event, in this case it arose out of the same transaction. See, as to the meaning of "cause of action" in varying circumstances, 6 Words and Phrases, 351; Georgia Railroad c. Co. v. Wright, 124 Ga. 596, 606
(53 S.E. 251). But especially as related to its meaning in the present case, "Relatively to *Page 134 
the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage."Ellison v. Georgia Railroad Co., supra. The son should not necessarily be penalized for construing it at one time a contract of purchase, and at another time a gift. After all he relates substantially the same transaction, and substantially it amounts to this: The father said to the son, "You take this property, go into possession of it and improve it [count 1], pay me up until 1916 the money equivalent to three bales of lint-cotton annually, and after that two bales annually until my death, and henceforth it is your property." Then taking as true the allegations of the amended petition, the father refuses to convey the property and undertakes to retain his dominion over it, and his executor likewise refuses, it is the breach of that duty upon which the plaintiff declares, and specific performance of which he seeks to enforce. This we think but one cause of action. While there is much language in many cases called to our attention which declares that a plaintiff may not be permitted to trifle with the court by trying out one theory of his case, and later, having lost on it, undertaking another remedy (Ellison v. GeorgiaRailroad Co., supra; Woods v. Travelers Insurance Co.,53 Ga. App. 429, 186 S.E. 467; Perry v. McLendon, 62 Ga. 598;City of Columbus v. Anglin, supra; O'Malley v.Wilson, 182 Ga. 97, 185 S.E. 109; Wilson v. MissouriState Life Insurance Co., 184 Ga. 184, 190 S.E. 552;McMillan v. Heard National Bank of Jacksonville, 19 Ga. App. 148,91 S.E. 235; Simmons v. Beatty, 57 Ga. App. 350,195 S.E. 289), yet it is found upon examination of these cases that for the most part they represent instances where the plaintiff had more than one remedy, or in cases of amendment more than one cause of action, or where there was nothing to amend by, or where there had been a judgment dismissing the plaintiff's case. Here the cause of action, as pointed out, was the breach of duty to convey the land. The remedy is in equity to compel specific performance. The case therefore differs from cases such as Board of Education v. Day, 128 Ga. 156 (57 S.E. 359);Hardeman v. Ellis, 162 Ga. 664, 685 (135 S.E. 195);Bacon v. Moody, 117 Ga. 207 (43 S.E. 482); Kennedy v.Manry, 6 Ga. App. 816 (66 S.E. 29). The plaintiff in such a case, after having elected to seek the aid of equity, could *Page 135 
not "repudiate the position which he has thus solemnly taken, assume another directly inconsistent with it, and ask the courts to enforce a remedy based on his new election." This we did not consider the plaintiff undertook to do in the instant case.
4. Having held that the plaintiff had the technical right to amend, that his amendment was germane and properly allowed as against objections already dealt with, did it then state a cause of action for specific performance as against a general demurrer? While it is true, as pointed out in our former decision, that "much strictness of pleading" is required in cases of this kind (Brogdon v. Hogan, 189 Ga. 244, 249, 5 S.E.2d 657;Shropshire v. Rainey, 150 Ga. 566, 104 S.E. 414; Huggins
v. Merriweather, 177 Ga. 461, 170 S.E. 483, and cit.), the allegations of the second count of the petition, do, in our opinion, meet the requirements. There is certainty as to the property involved, it being accurately described, the consideration of the sale was fixed or could be ascertained, and while the value of the property is not stated (see Brogdon v.Hogan, supra), it does appear that one reason for the sale upon the terms stated was that the mother of the plaintiff had furnished some of the purchase-money for this particular property. The plaintiff alleged full performance on his own part; and in the absence of special demurrer, the case is stated with sufficient definiteness and certainty for specific performance.
Judgment affirmed. All the Justices concur.