33548. SOUTHEASTERN WHOLESALE FURNITURE CO. *v.* ATLANTA METALLIC CASKET COMPANY.

272

DECIDED JUNE 14, 1951. REHEARING DENIED JULY 13, 1951.

*Stanley P. Meyerson, Nall & Sterne,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr.,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The defendant in the trial court (defendant in error here) filed a motion to dismiss the bill of exceptions on the ground that the order of October 3, 1950, on the remittitur making the judgment of the Court of Appeals the judgment of the trial court was not excepted to, for which reason the case was terminated on that day and the exception to the order sustaining the general demurrers thereafter presents only a moot question.

The mere act of entering the remittitur on the minutes of the trial court and making it the judgment of that court did not have the effect of dismissing the action if (a) prior thereto a valid amendment which cured the defects adjudicated by this court to exist had been allowed and filed, and if (b) such amendment was entitled to be considered in connection with the decision of this court so as to present for consideration an amended petition which did set forth a cause of action. We will therefore first deal with the right to amend the petition, and then its effect in view of the judgment on the remittitur.

■ Code § 81-1301 provides as follows: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may *at any stage of the cause,* as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the plead-

ings to amend by." This Code section is sufficient to authorize an amendment after a judgment overruling a general demurrer has been reversed, and before the judgment of reversal has been made the judgment of the trial court. *Walker* v. *Cook,* 17 *Ga.* 126. See also *Cooper* v. *Mims,* 204 *Ga.* 357 (49 S. E. 2d, 824) ; *Milton* v. *Milton,* 195 *Ga.* 130 (23 S. E. 2d, 411) ; *Savannah, Fla. & Western Ry. Co.* v. *Chaney,* 102 *Ga.* 815 (30 S. E. 437) ; *Cooper* v. *Portner Brewing Co.,* 113 *Ga.* 1 (38 S. E. 347) ; *Charleston & Western Carolina Ry. Co.* v. *Miller,* 115 *Ga.* 92 (41 S. E. 252) ; *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648) ; *Sullivan, Cabot & Co.* v. *Rome Ry. Co.,* 28 *Ga.* 29; *Thurmond* v. *Clark,* 47 *Ga.* 500; *Mills* v. *Boyd Lumber Co.,* 148 *Ga.* 23 (95 S. E. 698) ; *Hillis* v. *Comer & Co.,* 16 *Ga. App.* 653 (85 S. E. 931) ; *Owens* v. *Owens,* 190 *Ga.* 191 (8 S. E. 2d, 644) ; *Merck* v. *Flynn,* 205 *Ga.* 622 (54 S. E. 2d, 649) ; *Southeastern Stages* v. *Abdella,* 77 *Ga. App.* 772 (50 S. E. 2d, 85). It is contended, however, that the intent of these cases is that the amendment may only be filed *after the remittitur has been received* by the clerk of the trial court, but before it has been made the judgment of that court. If this were the true rule, it would work a great hardship upon counsel offering the amendment, since there is no provision of law that the parties be informed of the trial court's reception of the remittitur and intention to enter it on the minutes. *White* v. *Hutcheson,* 41 *Ga. App.* 602 (154 S. E. 157).

In *Jackson* v. *Security Insurance Company,* 177 *Ga.* 631 (170 S. E. 787), 47 *Ga. App.* 626 (171 S. E. 301), this court certified to the Supreme Court the following question: "Where a general demurrer to a petition was overruled by the trial court, and that judgment was subsequently reversed by this court, did the trial court have the authority, *before* the remittitur was transmitted from this court to the trial court, to allow an amendment to the petition?" The Supreme Court replied that plaintiff had the right to offer an amendment *at any time* before the order is passed making the judgment of this court the judgment of the trial court.

' Under the provisions of Code § 6-701 no cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below,

*unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto.* Thus, a special provision is made for appeal from certain types of judgments while the case is still pending in the trial court. Under this provision of law, a judgment overruling a general demurrer may come to this court on direct exceptions, yet the *case* still pend in the trial court. And, while it has often been stated that when the trial judge certifies the bill of exceptions he loses jurisdiction of the case, this does not mean that because he has certified a bill of exceptions to the overruling of a general demurrer to the plaintiff's petition he has lost control and jurisdiction in such absolute manner that no feature of the case is left pending in his court, but rather that he has lost jurisdiction of the case insofar as it pertains to any and all issues raised by the bill of exceptions. "Merely taking the case to the Supreme Court by writ of error after judgment or decree for the plaintiff, without giving bond or making affidavit, is no obstacle to proceeding with the levy whilst the case is pending in the Supreme Court, or before the remittitur is returned to the court below." *Cummings* v. *Clegg*, 82 *Ga.* 763 (9 S. E. 1042). "There is no duty upon the judge of the superior court, after overruling a demurrer to the declaration, to suspend or postpone a trial of the case by the jury on issues of fact," pending appeal. *Augusta Factory* v. *Davis*, 87 *Ga.* 648 (1) (13 S. E. 577). In such a case "the court is not compelled to stay the further progress of the cause, and await the determination of the question thus permitted to be carried up. He may do so in his discretion, but it is not a matter of right on the part of the excepting party to have it done; and if the case proceeds pending his exception, the result may be modified or upset by the ruling of this court." *Mass. Bonding &c. Co.* v. *Realty Trust Co.*, 139 *Ga.* 180, 187 (77 S. E. 86). "The court had the right to proceed with the trial of the case after the judge had signed and certified the bill of exceptions, without waiting for this court to pass upon the validity of the general demurrer to the indictment." *Williford* v. *Davis*, 181 *Ga.* 411, 413 (182 S. E. 511); *Alumbaugh* v. *State*, 39 *Ga. App.* 559 (2) (147 S. E. 714). "In the absence of such a supersedeas,

the trial court might legally have proceeded with the trial of the case, subject to the ruling which the Supreme Court might make on the demurrer. . . It must be held that the case was pending in the trial court." *City of Cedartown* v. *Pickett,* 194 *Ga.* 508, 512 (22 S. E. 2d, 318). See also *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135); *Bandy* v. *Frierson,* 138 *Ga.* 516 (75 S. E. 626); *Armstrong* v. *American National Bank,* 144 *Ga.* 245 (86 S. E. 1087). Thus, while the trial judge, after certifying the bill of exceptions, loses jurisdiction of every issue presented therein, the case is still pending in the trial court, and he may conduct interlocutory matters, allow pleadings, and proceed with the trial of the case, subject to the peril that any decision reached which conflicts with the decision of the appellate court when rendered will thereby be made nugatory. As was stated in *Augusta Ry. Co.* v. *Andrews,* 92 *Ga. App.* 706 (19 S. E. 713), the mere filing in the trial court of the remittitur from the appellate court will not divest the trial court of such power as it already had in respect to allowing amendments to pleadings to be filed. Such amendments are properly allowed at any time before the remittitur is actually made the judgment of the trial court. Were the rule otherwise a frivolous demurrer could bring about a delay pending appeal. *Pryor* v. *Pryor,* 164 *Ga.* 7 (137 S. E. 567) and like cases wherein it is held that the trial judge loses jurisdiction of the case when he signs the bill of exceptions all deal with cases wherein a final judgment was entered, thus leaving nothing pending in the trial court. As previously pointed out, cases such as we have under consideration here constitute an exception provided for in Code § 6-701, where an appeal may be entered from a judgment that is not final but would have been final had it been rendered as claimed by the plaintiff in error.

Confusion has arisen in connection with the consideration of cases wherein a general demurrer to the petition of the plaintiff was sustained by the trial court and likewise sustained by the appellate court, and cases wherein a general demurrer to the petition of the plaintiff was overruled by the trial court and that judgment reversed by the appellate court. As previously pointed out, under Code § 6-701, appeals by direct bills of exceptions may be had on final judgments and on

judgments that are not final but would have been final if rendered as contended by the plaintiff in error. In the former class of cases the judgment sustaining the demurrer to the petition of the plaintiff is final and leaves nothing pending in the trial court, while the appeal is pending in the appellate court. On the other hand, this Code section authorizes appeals by direct bills of exceptions from judgments that are not final but would have been final had they been rendered as contended by the plaintiff in error. The latter class of cases falls in this category. Accordingly, pending the appeal from a judgment overruling a general demurrer to the petition of the plaintiff, the case continues to pend in the trial court.

The trial judge erred in holding that he was without jurisdiction to allow an amendment to be filed while the case was pending in this court on a bill of exceptions to the overruling of a general demurrer.

We now come to the effect of the entry of the judgment on the remittitur making the judgment of this court the judgment of the trial court. Where the amendment is filed before the judgment of the appellate court is made the judgment of the trial court, the judgment of the appellate court to the effect that the petition fails to set out a cause of action because of certain defects pointed out in the opinion does not operate as res judicata that the petition, *after* amendment, fails to set out a cause of action. *Moore* v. *Gregory*, 72 *Ga. App.* 614 (34 S. E. 2d, 624); *Clements* v. *Hollingsworth*, 206 *Ga.* 255 (1) (56 S. E. 2d, 505). It is the duty of the trial court in any event to enter the judgment of the appellate court on the remittitur and make it a part of the record. Such a judgment is final and is binding on the trial court. However, it only decides in a case such as this that the petition was subject to general demurrer as it existed at the time of the hearing thereon.

Since the plaintiff may amend as a matter of right by supplying the deficiencies pointed out, if he succeeds in doing so the amended petition will no longer be subject to the demurrer. He may, if he wishes, dismiss the entire action and re-bring it, provided he does dismiss it before the remittitur is entered. See *Savannah, Florida & W. Ry. Co.* v. *Smith*, 93 *Ga.* 742 (21 S. E. 157). If he succeeds in perfecting the pleadings, either in the

same proceeding or a new one, the decision of the appellate court on this issue no longer adversely affects him. It follows, therefore, that the entry of the judgment by the trial court here on the remittitur from this court making the judgment of this court the judgment of the trial court did not render this proceeding moot. The motion to dismiss the bill of exceptions is denied.

■ ■ We will now consider whether the amended pleadings set out a cause of action in conformity with the decision of this court in *Atlanta Metallic Casket Co.* v. *Southeastern Wholesale Furniture Co.,* supra (p. 358). Pertinent portions of that decision are as follows: "Broadly, there is a joint enterprise or adventure when two or more combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control, provided the arrangement does not establish a partnership." It was held that "Paragraph 6 of the petition, considered alone, possibly alleges enough facts to show a joint enterprise." Portions of paragraph 6 which remain unchanged are as follows: that the defendant and Calimode made joint contributions to capital, the defendant to furnish all raw materials, labor, engineering services, plant facilities and shipping facilities, and Calimode Inc. to furnish the sales office and contribute the design of the furnace; that all invoices directed the customer to make all remittances to the defendant, who received the same; that all shipments were made from the defendant's plant, defendant retaining a portion of the remittance representing its cost-plus profit and remitting as to each furnace the amount due to Calimode Inc.; that the defendant and Calimode Inc. assumed the mutual risks of loss and profits depending upon the success or failure of the sales and cash receipts therefrom; that defendant recognized Calimode Inc. as its sales agency, and, as to third parties, created the appearance of engaging in a joint enterprise with the attributes of a partnership, and that it had no facilities other than a small sales office.

Paragraph 4 of the petition set out certain letters between the defendant and Calimode Inc. concerning which this court held: "While paragraph four does not allege that the two attached instruments constituted *the* contract under which the alleged joint adventurers operated, the only reasonable con-

struction is that they were the contract under which operations were had. In this view, the various allegations, apparently allegations of fact, in paragraph six . . are nothing more than conclusions of the pleader as to what the plaintiff contends would have been done under the terms of the contracts attached. The conclusions pleaded are improper conclusions. . . So, if the exhibits are the agreements under which the parties were operating, most of the allegations in paragraph six . . are not true under our construction of the pleadings. It will be noted that the petition does not allege that the parties departed from the terms of the contract, nor that other agreements were made." By amendment the plaintiff struck paragraph (6, d) which this court also commented upon unfavorably, and added the following to paragraph 4: "Nothwithstanding the provisions of the aforesaid written agreements, the parties, nevertheless, departed from the terms of said written agreements, and actually operated and carried on their business as a joint enterprise as hereinafter set forth in paragraph 6."

Under our view, this court held on the first appearance of this case that the allegations of the petition as to the manner in which the defendant carried on its business venture with Calimode Inc. were contradicted by the exhibits attached to the petition purporting to set out the actual agreement between the parties, there being no allegation that they departed from the terms of the contract as set out. This allegation has now been added; other objectionable matter has been deleted, and the amended petition is good as against general demurrer.

It is also contended that the plaintiff, by amending and alleging that the defendant and Calimode Inc. departed from the terms of the original contract in certain particulars (which were, as a matter of fact, set up in the original petition) is adding a new and distinct cause of action in contravention of Code § 81-1303. It is true that after relying on a contract one cannot repudiate it, and after relying on one stated contract one cannot recover on an entirely different contract. *Lamar* v. *Lamar, Taylor & Riley Drug Co.,* 118 *Ga.* 850 (45 S. E. 671; *Harrell* v. *Parker,* 186 *Ga.* 760 (198 S. E. 776) ; *Coppedge* v. *Allen,* 179 *Ga.* 678 (177 S. E. 340). But whenever the petition

sets out a plaintiff, a defendant, and matter sufficient to specify a particular transaction as a cause of action, there is enough to amend by. Code, § 81-1302. Where general negligence is alleged as the cause of an injury, the changing of allegations as to particular acts of negligence does not constitute a new cause of action. *Southeastern Stages* v. *Abdella*, 77 *Ga. App.* 772 (supra); *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809). The plaintiff here does not repudiate the contract or attempt to set out an entirely different contract, but merely alleges that the parties departed from its terms in named particulars. This matter was also contained in the original petition. The petition now merely alleges more clearly than before the circumstances creating the duty which the defendant is alleged to have breached. This demurrer is without merit.

The special demurrers were not passed upon by the trial court and are in consequence not before this court for review.

The trial court erred in sustaining the general demurrer to the petition as amended.

*Judgment reversed. MacIntyre, P. J. and Gardner, J., concur.*