*Fulwood & Hargrett,* contra.

---

### 13394.  BERRIEN COUNTY BANK *v.* ALEXANDER.

LUKE, J.  1.  " Where the judgment of the trial court, overruling a demurrer, was reversed by the Court of Appeals upon the ground that the petition failed to set forth a cause of action, and where, before the remittitur was made the judgment of the lower court, the plaintiff gave notice of his intention to amend his petition, and had actually prepared and submitted his amendment for approval, and the court had directed him to submit the amendment to the opposite party so that the latter's objections to the allowance thereof could be filed and heard, the court having informed both parties that they should be fully heard before anything would be done which would prejudice the rights of either party, and where the judgment making the judgment of the appellate court the judgment of the lower court was presented with full knowledge of the contents of the amendment, and was signed by the judge through misapprehension and by oversight, the trial court was not without jurisdiction to vacate the order making the judgment of the Court of Appeals the judgment of the trial court, and thereafter to allow the plaintiff to amend his petition, when this was done during the term at which the vacated order was taken."

2.  " Where a claim against a bank which has been taken over by the State superintendent of banks has been rejected by him, when presented to him for payment, under section 3 of article 7 of the act of Aug. 16, 1919 (Ga. Laws 1919, p. 154), the claimant must bring suit against the bank to establish the justice of such claim, and not against the superintendent of banks."

3.  " The only provision for suit against the State superintendent of banks being that contained in section 8 of article 7 of this act, the superintendent can only be sued in the superior court of the county in which the bank is located, and cannot be sued in a city court."

4.  In reply to questions certified by this court to the Supreme Court in this case, that court answered as set forth above (see full opinion of the Supreme Court, 154 *Ga.* 775 (115 S. E. 648) ; and, under the above rulings, the trial judge did not err in vacating his formal order making the judgment of this court the judgment of the lower court and permitting plaintiff to amend his original petition; nor in thereafter overruling the demurrer interposed to the petition as amended.

　　　*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
　　　　　　　DECIDED FEBRUARY 20, 1923.

Complaint; from city court of Nashville — Judge W. R. Smith. February 23, 1922.

*Elsie Higgs Griner, Story & Story,* for plaintiff in error.

*W. D. Buie, J. A. Alexander,* contra.