### 24056. GORMLEY, superintendent of banks, v. MOORE.

JENKINS, P. J. 1. In a former trial of this suit of the State superintendent of banks against a subscriber to the capital stock of a bank, to recover an unpaid balance on the stock subscription, the trial court directed a verdict for the plaintiff, and the superior court, in sustaining the defendant's certiorari, rendered a final judgment in his favor. This court held that, while it was error not to remand the case for a retrial, the certiorari was properly sustained because issues of fact were raised by the evidence, which rendered it error to direct a verdict for the plaintiff. *Davis v. Moore*, 47 *Ga. App.* 579 (171 S. E. 166). In the trial now under review a verdict for $182.05 was returned for the defendant. An examination of the former record shows that the pleadings, evidence, and contentions of the parties on the last trial were substantially the same as those previously presented. One of the chief contentions is that the defendant was not entitled to relief after the insolvency of the bank, upon the ground that his stock subscription was induced by fraudulent misrepresentations of the bank's officer and agent, because the bank had incurred liabilities after the subscription. This argument was also the basis of a motion for rehearing after the former decision, but this motion was denied. Under the present evidence and the similar evidence

formerly presented, this sound general rule, as was in effect held by the former decision, has here no application, since the stock involved formed no part of the unsold capital of the bank, the proceeds of which might have constituted a trust fund for the benefit of subsequent creditors relying thereon, but represented only a part of the original capital stock already issued to a stockholder and director, a transfer from him to the defendant having been consummated only two days before the bank closed. Under the law of the case as fixed by the former decision, and. under the present testimony, a verdict against the plaintiff on the issues of fraud raised by the answer of the defendant being fully authorized, the general grounds of the motion for a new trial are without merit.

2. The exceptions to the admission of testimony by an auditor giving the names of stockholders of the bank, their holdings, and the former ownership by another stockholder of the shares in question, on the ground that the witness did not state that the books and records from which his examination was made were in court, show no error. The bill of exceptions recites not only that "counsel for defendant stated to the court that all the books of the bank were present under notice to produce [without contradiction or question of the statement], and the court stated that, if the books were in court, he would permit the witness to testify," but that "the witness exhibited that part of the book to the jury while giving his evidence about which he was testifying." Moreover, the pertinent portions of this evidence covering the stock here involved appear in the testimony of other witnesses, which was admitted without objection.

3. No error appears in the instructions defining in the language of the Code the nature and effects of fraud and fraudulent misrepresentations.

4. The court did not err in refusing the written requests to charge the principle that a stockholder can not obtain relief from his stock subscription for alleged fraudulent misrepresentations, after the insolvency of the corporation, where indebtedness has been contracted by the corporation after such subscription. These instructions, for the reasons stated in the 1st paragraph of this syllabus, were inapplicable to the pleadings and evidence. Some of the language requested also would have in effect directed a verdict for the plaintiff, contrary to the previous decision of this court.

5. After the State superintendent of banks has duly taken possession of a bank, no "other legal proceedings can be taken against such bank or its assets; and no lien shall be acquired in any manner binding or affecting any of the assets of such bank." Ga. L. 1919, pp. 135, 155; Michie's Code, § 2366 (54). There is no authority under this act as amended, or in the procedure incident to the making or rejection of a claim and the trial of an issue thereon against the bank in the superior court, for a suit by a subscriber to bank stock against the superintendent to recover a payment on the stock induced by fraudulent misrepresentations of the bank. Ga. L. 1919, pp. 135, 158, 159, Michie's Code, § 2366 (66, 67); *Berrien County Bank* v. *Alexander*, 154 Ga. 775 (2), 779-782 (115 S. E. 648). Affirmative relief against the superintendent, which can not be directly given in an action against him, can not be indirectly obtained through affirmative relief by way of a set-off, recoupment, or

cross-action, for an amount sought by the defendant in excess of that claimed by the superintendent in his action. Accordingly, so much of the verdict in favor of the defendant in this case as found for him $150 principal and $32.05 interest was error. If these illegal amounts are written off of the judgment in favor of the defendant by the time the remittitur is made the judgment of the trial court, the judgment is affirmed, otherwise it is reversed.

 *Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 8, 1935.

*C. N. Davie, J. F. Kemp,* for plaintiff.
*Burress & Dillard,* for defendant.